\*TAYLOR v. PARKER et al.

No. 1734.   Opinion Filed May 14, 1912.

Rehearing Denied June 25, 1912.

(126 Pac. 573.)

1.  **INDIANS—"Alienable"—"Inalienable"—Disposition by Will.**
The words "alienable" and inalienable," used to restrict the disposition of lands in the Supplemental Agreement with the Chickasaws and Choctaws (Act July 1, 1902, c. 1362, 32 St. at L. 642, 643, pars. 12, 15, 16), include disposition by will.

2.  **SAME—Restriction of Alienation—Wills..**  The effect of the act of April 28, 1904 (33 St. at L. 573, c. 1824), was to make the laws of Arkansas, theretofore put in force in the Indian Territory, applicable to another class of persons and estates, to wit, Indians and their property, in so far as it was alienable under the acts of Congress then bearing upon it.  The extension of the law of wills enabled the Indian to devise all his alienable property by will made in accordance with the laws of the state of Arkansas, but did not operate to remove any of the restrictions theretofore placed upon lands of Indians by act of Congress.

(Syllabus by the Court.)

*Error from District Court, Johnston County;
A. T. West Judge.*

Action between Rual F. Taylor and Allie Parker and others. From the judgment, Taylor brings error.   Affirmed.

*C. C. Hatchett,* for plaintiff in error.

*Cruce, Cruce & Bleakmore,* for defendants in error.

KANE, J.   This controversy grows out of the settlement of the estate of one Maggie Taylor, deceased, a duly enrolled Chickasaw Indian of part Indian blood, who, prior to her death on the 25th day of March, 1905, attempted to will her allot-

*Appealed to the United States Supreme Court.

ment to her husband, Rual F. Taylor, plaintiff in error herein. As stated by counsel for plaintiff in error in his brief:

"The sole and only question involved in this case is: At the time of the death of the said Maggie Taylor, which was on the 25th day of March, 1905, did she have the right to make a will effectual to convey her Indian allotment to her husband, plaintiff in error? If she did, then the action of the trial court in sustaining a demurrer to the defendant's answer, and rendering judgment against the defendant, now plaintiff in error, was error, and the plaintiff in error is the rightful owner of the lands in controversy in this action. If the deceased, Maggie Taylor, did not have the right to make a will effectual to pass the title to her Indian allotment at her death, then her husband, Rual F. Taylor, will receive no part of her land, for under the laws in force in the Indian Territory at that time he inherited no interest therein, there having been no issue born of the marriage."

·Hayes v. Barringer, 7 Ind. T. 697, 104 S. W. 937, and 168 Fed. 221, 93 C. C. A. 507, involved the right of a full-blood Chickasaw Indian, duly enrolled and entitled to an allotment under Act June 28, 1898 (30 St: at L. 495, c. 517), and the Supplemental Agreement of July 1, 1902 (32 St. at L. 641, c. 1362), to devise her property to the plaintiff Barringer. The Court of Appeals of the Indian Territory held that under section 12 of the 'Supplemental Agreement, ratified by Act Cong. July 1, 1902 (32 St. at L. 641, c. 1362), a Chickasaw Indian cannot alienate his homestead until 21 years have elapsed after the date of the allotment; that the only difference between homestead and surplus, or other half, of the Indian's land, is in the length of time which must elapse before it is alienable. The Circuit Court of Appeals affirmed the judgment of the court below, and held specifically that "the words 'alienable' and 'inalienable,' used to restrict the disposition of lands in the Supplemental Agreement with the Chickasaws and Choctaws (Act July 1, 1902, c. 1362, 32 St. at L. 642, 643, pars. 12, 15, 16), include disposition by will."

Counsel for plaintiff in error distinguishes the Barringer case from the case at bar as follows:

"Proceeding one step further we find that on April 28, 1904, after the death of the testator in the case of Hayes v. Barringer, Congress passed an act providing for the appointment of four

additional judges in the Indian Territory, and among other things enacted: 'All the laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation, so as to embrace all persons and estates in said territory, whether Indian, freedmen or otherwise, and full and complete jurisdiction is hereby conferred upon the district courts in said territory in the settlement of all estates of decedents, the guardianship of minors and incompetents, whether Indian, freedmen or otherwise' (33 St. at L. 573)"

—that by the law of wills contained in chapter 155, Mansf. Dig. of Ark., thus extended, Maggie Taylor was empowered to devise by last will and testament all her estate, real and personal.

We do not believe this contention can be sustained. The effect of the act of April 28, 1904 (33 St. at L. 573) was to make the laws of Arkansas, theretofore put in force in the Indian Territory, applicable to another class of persons and estates, to wit, Indians and their property, in so far as it was alienable under the acts of Congress then bearing upon it. The extension of the law of wills enabled the Indian to devise all his alienable property by will made in accordance with the laws of the state of Arkansas, but did not operate to remove any of the restrictions theretofore placed upon lands of Indians by act of Congress. The law in relation to restrictions is stated by Sanborn, Circuit Judge, in *Hayes v. Barringer, supra,* as follows:

"A homestead, consisting of land equal in value to 160 acres of average allottable land, selected by the allottee, 'shall be inalienable during the life-time of the allottee, not exceeding twenty-one years from the date of the certificate of allotment.' Section 12 (32 St. at L. 642). The remainder of the land allotted 'shall not be alienable by the allottee, or his heirs, at any time before the expiration of the Choctaw and Chickasaw governments, which expired March 4, 1906 ([Act June 28, 1898, c. 517] 30 St. at L. 512), for less than its appraised value,' but may be alienable one-fourth in acreage in one year, one-fourth in acreage in three years, and one-half in acreage in five years, from the date of the patent. Section 16 (32 St. at L. 643). Lands allotted shall not be affected or incumbered by any deed, debt, or obligation of any character contracted prior to the time at which said land may be alienated, nor shall said land be sold except as herein provided. Section 15 (32 St. at L. 642)."

As a will is held to be an alienation within the meaning of the Supplemental Agreement, and as the act of Congress of April 28, 1904, *supra,* did not have the effect of removing any of the restrictions placed upon Indian allotments by said agreement, it must be held that Maggie Taylor did not have power to devise her allotment by will, and the judgment of the court below must be affirmed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.