## SEMPLE v. BAKEN.

No. 2945.  Opinion Filed September 2, 1913.

Rehearing Denied November 4, 1913.

(135 Pac. 1141.)

1.   **APPEAL AND ERROR—Review—Findings of Court.**  Where the evidence reasonably supports the findings of the trial court, they will not be disturbed on appeal.

2.   **INDIANS—Wills—Devise of Allotment—Validity.**  A will of a member by blood of the Choctaw Tribe of Indians made during or before the year 1904, before she had been enrolled as a member of the tribe, and before her allotment had been selected, was ineffectual to convey her allotment.

(Syllabus by Rosser, C.)

*Error from District Court, Coal County;*
*Robt. M. Rainey, Judge.*

Action by L. E. Baken, guardian of Edna and Robert Jacobs, against Carl Y. Semple.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*J. G. Ralls,* for plaintiff in error.

*E. E. McInnis, C. S. Arnold,* and *C. E. Cutler,* for defendant in error.

Opinion by ROSSER, C.  This is an action in ejectment by L. E. Baken, as guardian of Edna and Robert Jacobs, minors, against Carl Y. Semple to recover certain land.  There was a judgment for plaintiff.  The defendant, Carl Y. Semple, brings the case here, and assigns numerous errors.

The first contention is that the evidence does not sustain the finding of the court.  The record shows that at the close of plaintiff's evidence the defendant demurred to the petition.  The plaintiff, in his brief, states that defendant demurred to the evidence, and, considering the entire record, it seems likely that the statement in the record that he demurred to the *petition* is a clerical error, and that he actually demurred to the *evidence.*  However,

it is not very material which is correct. He offered no evidence, but left the court to decide the case on the evidence offered by the plaintiff. . The evidence shows that the minors, Edna and Robert Jacobs, were the sole heirs at law of the deceased allottee, Annie Harris. That was sufficient to show title in them, in the absence of a valid conveyance by them, or the allottee.

The record shows that defendant claims the land under a will executed by Annie Harris before she was enrolled as a member of the Choctaw Tribe, and that she was enrolled and the land filed by the defendant after her death. There is no proof as to when the will was made; but the allottee died in 1904, and, of course, if there was a will, it was not made later than in the year 1904. The will conveyed no title. The will was invalid, because it was an attempt to alienate made before the removal of restrictions (*Taylor v. Parker*, 33 Okla. 199, 126 Pac. 573; *Hayes v. Barringer*, 7 Ind. T. 679, 104 S. W. 937, affirmed 168 Fed. 221, 93 C. C. A. 507), and before the land was selected as an allotment (*Bledsoe v. Wortman*, 35 Okla. 261, 129 Pac. 841; *Lynch v. Franklin*, 37 Okla. 60, 130 Pac. 599).

Error was assigned, because the court permitted leading questions to be asked some of the witnesses. The record shows that these were aged Choctaw Indians, testifying through an interpreter. The court did not abuse its discretion in this regard.

It is asserted that the damages are excessive. The evidence shows that there was 260 acres of land, of which 25 or 30 acres was in cultivation, and 75 or 80 acres of the land was meadow. The defendant had been in possession six years at the time of the trial, and the court assessed the damages at $375. The only witness who testified as to the rental value testified that the land was worth $150 a year. The judgment was well within the evidence. The defendant intimates that he paid certain debts of the deceased for which he should have credit. But, without considering the question of his rights to take credit for debts paid as against plaintiff, it is sufficient to say that he made no proof that the deceased allottee owed any one anything.

The judgment should be affirmed.

By the Court: It is so ordered.