**COLBERT v. FULTON et al.**

No. 6512—Opinion Filed March 14, 1916.

Rehearing Denied June 13, 1916.

Second Rehearing Denied July 8, 1919.

(157 Pac. 1151.)

**Indians—Jurisdiction—Divorce.**

On the 19th day of January, 1906, the district court of the Third district of the Choctaw Nation did not have jurisdiction to decree a divorce between Indians.

(Syllabus by Collier, C.)

Error from District Court, Atoka County; Tom D. McKeown, Judge.

Action by J. S. Fulton against Salina Colbert and others. Judgment for plaintiff, and defendant named brings error. Reversed and remanded, with instructions.

Fooshee & Brunson, for plaintiff in error.

J. G. Ralls, for defendants in error.

Opinion by COLLIER, C. We are first met with a motion of defendant in error to dismiss this appeal, which we have carefully considered, and feel must be denied.

The action is brought by the defendant in error against Salina Colbert and others, including the unknown heirs of Allison Colbert, to partition the land described in the petition, asserting title to said land under a deed from J. S. Fulton, whom it averred acquired title from the heirs of Allison Colbert, deceased. Numerous answers and cross-petitions were filed to said petition, among them the answer of plaintiff in error, in which she averred:

"That she was the wife of Allison Colbert, deceased; that the said Allison Colbert died intestate in the year 1911, leaving no issue, nor father, nor mother, brothers, nor sisters, nor their descendants, but leaving as the sole heir at law this defendant, Salina Colbert."

And it further averred:

"That the defendants in error never at any time owned said lands or any part thereof."

The said Salina Colbert also alleges in her answer:

"That defendant in error J. S. Fulton is claiming some interest in and to said lands, by a deed made by one Austin Williams, but that the said deed is void, for the reason that the said Austin Williams never at any time owned any interest in the said lands and had no interest to convey"

—and asks that the said deed be canceled.

It was agreed by all the parties that the land in question was the allotment of Allison Colbert, a duly enrolled member of the Choctaw Tribe or Nation; that Allison Colbert died intestate in the year 1911.

The uncontradicted evidence was that the said Allison Colbert and Salina Colbert were married by Willis Tolby, a Methodist minister, in 1900; that one child was born to said union; that the said child died prior to the death of the said Allison Colbert; that Salina Colbert and Allison Colbert separated after the death of said child; that after she and Allison Colbert separated Salina and Alfred Noah lived together for about eight years and had recently married; that Allison Colbert was also married to Lita Colbert in 1910, and they were living together when Allison Colbert died.

There was admitted in evidence, against the objection and exception of plaintiff in error, a certified copy of a decree rendered on the 19th day of January, 1906, at a special term of the district court of the Third district of the Choctaw Nation, divorcing Allison Colbert from Salina Colbert. There was also offered in evidence the laws of the Choctaw Nation in regard to marriage and divorce, which show that at the time said Allison Colbert was married to Salina Colbert a marriage was required to be performed by a minister of the gospel, and divorce granted by the Choctaw district court. We are unable to see from the record upon what evidence the court predicated its finding that Fulton acquired title to said land,

but under our view of the case this is immaterial.

In the view we take of the case we deem it unnecessary to recite or consider the many other answers and cross-petitions filed in the case, or the evidence in the case, other than the evidence which bears upon the question of the divorce of Allison Colbert from plaintiff in error. If the said Allison Colbert was not divorced from the said Salina Colbert, then his subsequent marriages were bigamous and void, and the persons to whom he was so married have no interest in the land in controversy, and Salina Colbert, as the lawful wife of said Allison Colbert, is entitled to the land in controversy. If the divorce granted by the Choctaw tribal court is valid, then the plaintiff in error has no interest whatever in said land.

By agreement the case was tried to the court. The court concluded as a matter of law:

"That Allison Colbert and Adeline Colbert were divorced, and that the marriage of Allison Colbert to Salina Colbert was a valid marriage; that Salina Colbert and Allison were divorced by the Choctaw tribal court, which was a lawful divorce; that the Choctaw tribal courts had jurisdiction to grant divorces up until the first day of March, 1907, when said courts were abolished by the act of Congress known as the Indian Appropriation Bill, passed March 1, 1907; that the Indian tribal courts retained all jurisdiction formerly possessed by them, save and except such jurisdiction as relating to guardianship and administration cases; that the marriage between Allison Colbert and Lita Colbert was a valid marriage, under the act of the Legislature of Oklahoma in 1908; that, Allison Colbert having died intestate, without issue and without father, mother, brothers, or sisters, or their descendants, Lita Colbert, as his surviving widow, inherited the entire allotment of Allison Colbert; that by proper deeds of conveyance from Lita Colbert to James Hudspeth the title to the entire allotment in controversy was conveyed, and by subsequent deed of J. S. Fulton to James Hudspeth one-sixth undivided interest was conveyed; and the court adjudges the interest of the said James Hudspeth to be an undivided one-sixth interest, and that J. S. Fulton has an undivided five-sixths interest."

Thereupon it was ordered that the same be partitioned. To all of which said conclusions of law the said Salina Colbert excepted. The said Salina Colbert timely filed a motion for a new trial, which was overruled, excepted to, and this appeal perfected.

The evidence relied upon to establish that the said Allison Colbert was divorced from Salina Colbert is the decree rendered by the Third district court of the Choctaw Nation, admitted in evidence, and thus arises the pivotal question, the only one argued in brief of plaintiff in error in this case: Did the said Choctaw court have jurisdiction to render the decree of divorce rendered?

By an act of Congress approved May 2, 1890 (26 Stat. at L. 81, c. 182), certain laws of the state of Arkansas, including divorces, as found in chapter 52, of Mansfield's Digest, were extended over the Indian Territory and the United States court established by said act given jurisdiction in all civil cases between citizens of the United States who are residents of the Indian Territory, or between citizens of the United States or any state or territory therein and any citizen of or person residing or found in the Indian Territory, and when the value of the thing in controversy, or damages or money claimed shall amount to $100 or more; provided that nothing therein contained should be so construed as to give the court jurisdiction between persons of Indian blood only.

By an act of Congress approved April 28, 1904 (33 Stat. 573, c. 1824, § 2):

"All the laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation, so as to embrace all persons and estates in said territory, whether Indian, freedmen, or otherwise."

On June 7, 1897, by act of Congress (30 Stat. 62, 83, c. 3.) it was provided:

"That on and after January 1st, 1898, the United States courts * * * shall have original and exclusive jurisdiction and authority to try and determine all civil causes in law and equity thereafter instituted."

The statement in Hayes v. Barringer, 168 Fed. 221, 93 C. C. A. 507, that the Choctaw and Chickasaw courts retained their jurisdiction in certain public matters, except probate matters, is obiter dictum, and not supported by the authorities cited.

In Re Guardianship of Poff, the Court of Appeals of the Indian Territory (7 Ind. T. 59, 103 S. W. 765) held:

"That Act April 28, 1904, c. 1824, 33 Stat. 573, took from the Indian courts all jurisdiction and conferred it on the United States courts."

This court, in the case of Washington v. Miller, 34 Okla. 259, 129 Pac. 58, held:

"The act of April 28, 1904, was evidently passed for the sole purpose of taking from the tribal courts, their criminal, civil, and probate jurisdiction, and vesting it in the United States courts of the Indian Territory."

The statement in defendant's brief that it was held by Mr. Chief Justice Kane in Taylor v. Parker, 33 Okla. 199, 126 Pac. 573, "that the laws of Arkansas as to the wills were not extended over the Indian Territory" is incorrect, as in said case Mr. Chief Justice Kane held that the laws of Arkansas as to wills were extended over the Indian Territory, and this case was affirmed by the United States Supreme Court. In said case Chief Justice Kane says:

"The effect of the act of April 28, 1904 (33 Stat. at L. 573 c. 1824), was to make the laws of Arkansas theretofore put in force in the Indian Territory applicable to another class of persons and estates, to wit, Indians and their property."

It is entirely immaterial as to when the Choctaw courts were abolished; the vital question being as to whether the said Choctaw courts had jurisdiction to render the decree of divorce shown by the certified copy of decree rendered on the 19th day of January, 1906, in the case of Allison Colbert against Salina Colbert, and in evidence in this case. We are of the opinion that the said Choctaw tribal court was without jurisdiction to render the said decree of divorce shown by said transcript in evidence to have been rendered, as after the approval of the act of Congress of April 28, 1904, the United States court had exclusive jurisdiction of divorce, and that the court committed prejudicial error in admitting in evidence said certified copy of said decree of the Choctaw tribal court.

The uncontradicted evidence shows that the said Allison Colbert and Salina Colbert were legally married and were never legally divorced. The fact of the subsequent marriages of the parties, in view of the evidence in the case, does not raise the sightest presumption that the said Allison and Salina were ever divorced.

In Pheney Palmer v. Wallace C. Cully, Adm'r, et al., 52 Okla. 454, 153 Pac. 154, Commissioner Bleakmore, speaking for this court says, that after the 28th day of April, 1904, there could not be any "effectual dissolution of a marriage between" members of the Five Civilized Tribes "by a mere compliance with the tribal customs or laws. Existing marriage contracts could only be dissolved by judgment or decree of a court of competent jurisdiction. * * *" Certainly it cannot for a moment be successfully contended that the tribal courts had jurisdiction to administer the laws of Arkansas which were extended over the Indian Territory, and of which the United States Court of the Indian Territory had exclusive jurisdiction.

The undisputed evidence is that Allison Colbert died in 1911, intestate, without issue, without father or mother, brother or sister, or their descendants. The descent is cast under the laws of Oklahoma, and vests in the said Salina Colbert the entire estate.

Subsection 5 of section 8418, Rev. Laws 1910, reads:

"If the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor sister, the whole estate goes to the surviving husband or wife."

See Pearlie Thompson v. W. D. Cornelius, 53 Okla. 85, 155 Pac. 602; Grant Jefferson v. W. J. Cook et al., 53 Okla. 272, 155 Pac. 852; R. H. Hughes and C. R. Privett v. H. H. Bell et al., 55 Okla. 555, 155 Pac. 604.

It therefore follows that the court also committed reversible error in its conclusions of law, and adjudging that the defendants in error had any interest in said land, and that said land be sold for partition.

This case should be reversed and remanded, with instructions to the trial court to set aside the judgment heretofore rendered, and render judgment for the plaintiff in error that she, plaintiff in error, is the sole heir to said lands in controversy, and that said deeds to James Hudspeth and J. S. Fulton be canceled as a cloud upon the title of said Salina Colbert to said land, and for costs against James Hudspeth.

By the Court: It is so ordered.