## ARNOLD v. WILLIS et al.

No. 13911—Opinion Filed Dec. 23, 1924.

**1. Indians — Restrictions on Alienation— Wills—Declaration of Heirship.**

Prior to the Act of Congress of April 26, 1906, the restrictions against alienation of allotted lands by full-blood Indians included alienation by will, and a declaration of heirship made by a full-blood Indian in 1903 in full conformity with the provisions of Carter's Ind. Ter. Stat., secs. 1842 and 1843, in favor of a stranger to his blood has the same operation and effect as a will, and is likewise obnoxious to the congressional inhibition against alienation.

**2. Indians — Determination of Heirship— Jurisdiction—Decree.**

By Act of Congress of June 14, 1918, county courts of the state were empowered to determine the heirs of deceased restricted Indians under the procedure and within the limits of jurisdiction fixed by the Constitution and laws of the state and in such proceeding a decree determining heirs is supported by indubitable jurisdiction. If, in addition to determining who are the heirs, the court also determines that one of the claimants is not an heir and has no interest in the estate, this portion of the decree, if erroneous as being in excess of jurisdiction, is separable and distinct from the determination of who are the heirs and may be dis-

regarded without impairing the decree determining heirship.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Proceeding in the County Court of Carter County to determine the heirs of John Lick, deceased. From the decree there rendered, an appeal was taken to the District Court, and upon trial de novo the decree of the County Court was affirmed. To review this decree Gena Tippit Arnold has brought the case here by proceedings in error. Affirmed.

In June, 1920, certain persons claiming to be heirs of John Lick, deceased, filed in the county court of Carter county their petition praying that court to determine who are the heirs of John Lick, deceased, under the provisions of the Act of Congress of June 14, 1918. In the petition it is alleged that the court had long prior thereto acquired jurisdiction of the administration of the estate of John Lick, deceased, and that said administration proceedings were still pending. The petition further alleged the names of all persons believed by petitioners to be heirs of John Lick, and also the names of all persons claiming to be heirs or claiming an interest in his estate, and asking that said petition be set for hearing and that notice be given to all persons known to be or claiming to be heirs of John Lick, deceased, or claiming an interest in his estate, and that upon hearing the court determine who are the heirs of John Lick, deceased, and fix their various interests in his allotted lands. Due notice was given by personal service and by publication to all persons mentioned in said petition, and plaintiff in error, Gena Tippit Arnold, filed in said proceeding her answer and cross-petition. By this answer and cross-petition she specifically denied that any of the petitioners or other persons named in the petition were heirs or entitled to any interest in the allotment of John Lick, deceased, and alleged that she was his sole and only heir and prayed for a decree establishing her rights. Her claim is based upon an instrument executed by John Lick June 23, 1903, by which he designated her as his heir at law and provided that she should take a child's interest in his estate at his death.

Upon hearing had upon the petition and the answer and cross-petition, the court found and determined that certain persons named in the decree were lawful heirs of John Lick, deceased, and further found and determined that the instrument relied upon by Gena Tippit Arnold was wholly illegal and void and ineffectual in so far as it sought to confer upon her the rights of an heir in the lands allotted to John Lick.

From this decree of the county court Gena Tippit Arnold appealed to the district court of Carter county, and upon trial de novo in that court the decree of the county court was affirmed. After unsuccessful motion for new trial Gena Tippit Arnold has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as petitioners and respondent, respectively, as they appeared in the trial court.

Horton & Horton, for plaintiff in error.

Hatchett & Semple and Hayes & McIntosh, for defendants in error.

Opinion by LOGSDON, C. Three propositions are presented and argued by respondent for a reversal of this case. The first and second propositions are so related that they may properly be considered and discussed together. In substance these contentions are that chapter 25, Sess. Laws 1919, is unconstitutional and void, but that if it should be held that this act is constitutional, yet it must be held that the trial court exceeded its jurisdiction in adjudging that respondent has no interest in the estate of John Lick, deceased, its jurisdiction being limited to a determination as to who are heirs.

The sole authority cited and relied on to sustain these contentions in the recent case of Homer v. Lester et al., 95 Okla. 284, 219 Pac. 392. A broad distinction exists between the Homer Case and the instant case, and the question of the controlling force of that opinion over this case can be determined only after that distinction is recognized.

In the Homer Case no appeal was taken from the decree determining heirship, and that decree was relied upon to establish the rights and title of the determined heirs in an action of ejectment brought against persons in possession claiming record title from others who claimed to be heirs at the time of such conveyances. The defendants in that action, the record claimants, and who were in possession and had been for a number of years, attacked the validity of the decree on the ground that the court was without jurisdiction to render a decree binding on them for the reason that they made no claim as heirs, but were purchasers. In the instant case the appeal is direct from the decree determining heirship and is brought by one claiming to be sole heir. That this dis-

tinction between the two cases is correctly drawn is shown by the following language from the body of that opinion at page 286:

"The only question for determination on this appeal is whether or not the trial court erred in excluding the judgments of the county court and the district court in the heirship proceeding as conclusive evidence that plaintiff was the sole and only heir of Thomas J. Taylor, deceased. If the heirship judgment was admissible in evidence and conclusive, then plaintiff is entitled to recover the land, as defendants claim title only through deeds from other persons claiming to be the heirs of Thomas J. Taylor, unless the plea of statute of limitations can be sustained in defendant's favor."

In the instant case the only issue presented to the trial court for decision was: Who are the heirs of John Lick, deceased? This issue was joined by the allegations of the petition and the answer and cross-petition of respondent. This issue alone was determined by the court. No other matter is mentioned or determined in the decree than the rights of those claiming to be heirs. No person but respondent, who claimed to be sole heir, is here complaining of that decree. That portion of Senate Bill No. 60 (Act of April 4. 1919), which was declared in the Homer Case, supra, to violate section 12 of art. 7, Constitution, is not involved in this proceeding, because it is not sought by this decree to bind anyone except those claiming to be heirs. The nature of the relief sought is shown by the following allegation of the petition:

"That this proceeding is instituted in pursuance of the laws of the state of Oklahoma, and of the Act of Congress of June 14, 1918, and is brought for the purpose of determining the heirs of John Lick, deceased, and not for the purpose of administering upon the estate of said John Lick, deceased."

And the prayer of the petition reads:

"Wherefore. petitioners pray that a hearing be granted on this petition, and that on consideration thereof a decree be rendered establishing the heirship and fixing their various interests in the lands herein described, and on all other estate of the said John Lick, deceased."

It is therefore obvious that only the procedural portions of Senate Bill No. 60 were invoked and relied on in this proceeding to afford the relief authorized by Act of Congress of June 14, 1918. These portions of Senate Bill No. 60 have been expressly sustained by this court as being within constitutional limitations. State ex rel. Miller et al. v. Huser, 76 Okla. 130, 184 Pac. 113.

Upon the other contention, that the trial court exceeded its jurisdiction in decreeing that respondent has no interest in the estate of John Lick, deceased, it is sufficient to say that respondent made no claim of any kind or character to an interest in said estate except as sole heir of John Lick. The court found, as a fact, from the evidence and the rules of law which it applied thereto. that respondent is not an heir at law of John Lick, deceased. On this finding of fact the law precludes respondent from claiming any interest as an heir. If the trial court went beyond the issues properly triable by it in announcing this legal conclusion, such action is not a substantive part of the decree and cannot impair the jurisdiction of the court to determine the heirs, which it did. Not being a substantive part of the decree, but being separable and distinct from that which is substantive viz., the determination of heirship, jurisdiction to determine which is express, the legal conclusion that respondent has no interest in the estate, if in excess of the court's jurisdiction, may be disregarded, and is error of which respondent may not complain. In the second paragraph of the syllabus in Roth et al. v. Union Nat. Bank of Bartlesville et al.. 58 Okla. 604, 160 Pac. 505, this court said:

"If a judgment or decree includes a decision of an independent and separable subject-matter or question within, and an independent and separable subject-matter or question beyond its jurisdiction, the same is valid as to the former and a mere nullity as to the latter, and is not void in toto."

Respondent's third proposition is that the trial court erred in not decreeing respondent to be the sole heir of John Lick, deceased.

Respondent is not related in any way by blood or marriage to deceased. Her claim to being his sole heir is based on the provisions of Carter's Indian Territory Statutes, secs. 1842 and 1843, and on a written instrument executed by John Lick June 23, 1903, by which he designated respondent as his heir at law "to take of my estate the share of a child at my death." The two sections relied on read as follows:

"Sec. 1842. When any person may desire to make any person his heir at law, it shall be lawful to do so by a declaration in writing in favor of such person, to be acknowledged before any judge, justice of the peace, clerk of any court, or before any court of record in this state."

"Sec. 1843. Before said declaration shall be of any force or effect, it shall be record-

ed in the county where the said declarant may reside, or in the county where the person in whose favor such declaration is made may reside."

These sections are a part of chapter 49, Mansfield's Digest of the Statutes of Arkansas, which, with other chapters thereof, was adopted and put in force in the Indian Territory by Act of Congress of May 2, 1890. The material portion of section 31 of that Act reads:

"That certain general laws of the state of Arkansas in force at the close of the session of the General Assembly of that state of eighteen hundred and eighty-three, as published in eighteen hundred and eighty-four in the volume known as Mansfield's Digest of the Statutes of Arkansas, which are not locally inapplicable or in conflict with this act, or with any law of Congress, relating to the subjects specially mentioned in this section, are hereby extended over and put in force in the Indian Territory until Congress shall otherwise provide."

Are the provisions of sections 1842 and 1843, supra, "locally inapplicable or in conflict * * * with any law of Congress"? At page 27 of her brief respondent says:

"The mere fact that he adopted her as an heir did not transfer any title to anybody: did not transfer to her any title, and the fact that John Lick, deceased, filed this declaration of heirship did not ipso facto transfer any title to any of his land, nor does it purport to do so by operation of law. When he died in 1905, naturally the question arose as to who were his heirs, and the sole question is now, did he have a right to create an heir under the Arkansas law?"

This identical language would be as applicable to a will executed by John Lick in 1903 as to the instrument which he did in fact execute. The declaration of heirship was an attempt to change the law of descent fixed by Congress just as the execution on a will would be such an attempt. Neither instrument would be operative until after the death of John Lick, and by reason of their conflict with laws of Congress neither would be effectual then. Hayes v. Barringer, 7 Ind. Ter. 697, 104 S. W. 937 (aff. 168 Fed. 221); Taylor v. Parker et al., 33 Okla. 199, 126 Pac. 573 (aff. 235 U. S. 42). If John Lick could not effectually name the respondent as devisee in a will so that she would take his allotted lands upon his death, he could not indirectly accomplished this forbidden alienation by a written declaration naming her as his heir. The case of Rentie et al. v. Rentie et al., 70 Okla. 103, 172 Pac. 1083, relied on by respondent, did not involve the question here presented, but involved the question of legit-

imation. What was there said concerning sections 1842 and 1843. supra, was not necessary to a decision of that case, as it is expressly stated that no declaration was executed under those sections. But as to that case it may be observed that if the declaration had been made and sustained, it would have merely brought in a child of the blood without excluding others.

Since respondent's only claim as an heir depends for its vitality upon the validity of John Lick's written declaration of June 23, 1903, it must be held that the trial court was correct in determining that she is not an heir.

For the reasons herein stated the decree of the trial court, in so far as it determines who are and who are not heirs of John Lick, deceased, should be in all things affirmed. That portion of the decree determining the several interests of the heirs, if erroneous, cannot affect the rights of respondent and she is entitled to no relief by reason thereof.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. § 80; (2) 31 C. J. § 98.