**LYNCH v. THOMPSON et al.**

No. 13581—Opinion Filed May 19, 1925.

Rehearing Denied June 16, 1925.

(Syllabus.)

1. **Indians—Lands—Decree of Heirship not Conclusive Against One Purchasing Prior to Federal Heirship Act.**

Where a purchaser acquires land from an heir of an allottee, and takes possession thereunder prior to the act of Congress relating to the determination of heirship, and the county court thereafter attempts by its decree to divest said purchaser from an interest in said lands, such decree is not conclusive as against the purchaser.

2. **Same—Action Against Purchaser—Erroneous Admission of Heirship Judgment.**

Where the district court admits, over the objection of the defendant, the judgment of the court in determination of heirship which attempts to adjudicate the property interests as between the alleged heirs who did not join in the deed, the admission of such judgment is erroneous.

3. **Same—Erroneous Instruction.**

Instruction No. 3 of the court's instructions to the jury examined, and held, that the same constitutes prejudicial error.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Tom Thompson and others against Mrs. Pattie B. Lynch. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Neff & Neff, for defendants in error.

LESTER, J. This cause presents error from the district court of McIntosh county, Okla. The parties will be referred to as they appeared in the court below.

On June 2, 1920, the plaintiffs, Tom Thompson, Sam Thompson, Sonny Thompson, Sarah Thompson, Rosa Thompson, Roman Thompson, and James Thompson, filed suit in the district court of McIntosh county, Okla., against the defendant in which they alleged that Malinda Thompson was a duly enrolled citizen of the Creek Nation and as such was allotted the following described real estate situated in McIntosh county, Okla., to wit: Lots one (1) and two (2) of the northeast quarter (¼) of section 2, township 11 north, range 14 east. That said Malinda Thompson died in August, 1906, leaving no children or descendants, no husband, father or mother, no full-blood brothers or sisters, but leaving a half sister on her father's side, and the plaintiffs, who were cousins on the mother's side. That by virtue of said facts, plaintiffs became seized of an undivided one-half interest in said land; that the defendant was the owner of one-half of said real estate by virtue of a deed from Chotke Kinnie; that defendant was withholding possession of said one-half interest belonging to plaintiffs. That said plaintiffs desired said land be partitioned and that plaintiffs recover rents from de-

fendant. Plaintiffs in said petition prayed for judgment for possession of one-half of said land and quieting of their title against the claim of defendant. Plaintiffs further alleged that they were full-blood citizens of the Creek Nation and duly enrolled as such; they further alleged that upon the death of Malinda Thompson she left as an heir, Chotke Kinnie, a half sister on the father's side, and that plaintiffs were cousins of the deceased on her mother's side, and that the father and mother of Malinda Thompson were both full-blood citizens. The defendant filed her answer, in which she denied all of the material allegations of the plaintiffs' petition, save and except that Malinda Thompson was enrolled as a citizen of the Creek Nation and obtained as a homestead the land mentioned in plaintiffs' petition. Trial was had to a jury, and at the conclusion of plaintiffs' evidence in chief, defendant filed a demurrer; the demurrer was overruled, to which defendant excepted. Thereafter, at the close of all the evidence in the case, defendant moved the court to instruct the jury to return a verdict in her favor. This motion was also overruled, to which the defendant excepted. The defendant prosecutes this appeal to reverse the judgment of the district court.

There are fifteen assignments of error urged by the defendant, but, as we view the case, the principal question to be decided by this court is whether a determination of heirship is conclusive as against one who purchased lands and went into possession thereof prior to the Act of Congress approved June 14, 1919.

It was admitted on the trial that the defendant obtained a deed to the land in controversy in the fall of 1917, and that she acquired title from those claiming to be the heirs of Malinda Thompson prior to the passage of the congressional Act of 1919. It appears that there was filed in the county court of McIntosh county, Okla., a petition to determine the heirs of Malinda Thompson, and that thereafter an appeal was had in said action to the district court of McIntosh county. which appeal was there determined in favor of the plaintiffs and against the defendant. from which judgment an appeal was had and the same is now pending in the Supreme Court of the state of Oklahoma. That in the trial of the instant case, the plaintiffs, over the objection of the defendant, introduced the said judgment of the district court of McIntosh county, which sought to determine heirship. That an objection was made to the introduction of said

decree, but was overruled by the court, to which the defendant excepted. That thereafter, the court submitted the following instruction to the jury, which is section 3 of the court's instructions:

"You are instructed, gentlemen of the jury, that the evidence shows in this case that the question of heirship has already been adjudicated in a former case in this court and that the plaintiffs have been adjudicated to be the owners of an undivided one-half interest in this land and entitled to the possession of said land as tenants in common with the defendant; therefore, that question is not submitted to you for your determination and you are instructed that it will be your duty to find for the plaintiffs on this issue, that is, that the plaintiffs are entitled to ownership and possession of land in common with the defendant."

The identical question now presented to this court was decided in the case of Homer v. Lester et al., 95 Okla. 284, 29 Pac. 392, in which the court said:

"The only question for determination on this appeal is whether or not the trial court erred in excluding the judgment of the county court and the district court in the heirship proceedings as conclusive evidence that plaintiff was the sole and only heir of Thomas J. Taylor, deceased. If the heirship judgment was admissible in evidence and conclusive, then plaintiff is entitled to recover the land, as defendants claim title only through deeds from other persons claiming to be the heirs of Thomas J. Taylor. * * *

"We will first consider the question, Was the judgment of the county court of McCurtain county, as affirmed by the district court, in the heirship proceedings, conclusive evidence as against these defendants that plaintiff was the sole and only heir of Thomas J. Taylor? * * *

"The Act of Congress approved June 14, 1919, is as follows:

" 'Be it enacted by the Senate and House of Representatives of the United States of America in Congress Assembled, That a determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes of Indians who may die or may have heretofore died. leaving restricted heirs, by the probate court of the state of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said state for the determination of heirship in closing up the estates of deceased persons, shall be conclusive of said question; Provided that an appeal may be taken in the manner and to the court provided by law, in cases of appeal in probate matters generally: Provided, further,

that where the time limited by the laws of said estate for the institution of administration proceedings has elapsed without their institution, as well as in cases where there exists no lawful ground for the institution of administration proceedings in said court, a petition may be filed therein having for its object a determination of such heirship and the case shall proceed in all respects as if administration proceedings upon other proper grounds had been regularly begun, but this proviso shall not be construed to reopen the question of the determination of an heirship already ascertained by competent legal authority under existing laws; Provided, further, that said petition shall be verified, and in all cases arising hereunder service by publication may be had on all unknown heirs, the service to be in accordance with the method of serving nonresident defendants in civil suits in the district courts of said state; and if any person so served by publication does not appear and move to be heard within six months from the date of the final order, he shall be concluded equally with parties personally served or voluntarily appearing."

In the case of Homer v. Lester et al., supra, it is said:

"An examination of this act of Congress fails to disclose any intention to confer upon the county courts jurisdiction to try title of land, it being clearly the intent of the act to empower the county courts, as an incident to the administration of an estate of a restricted Indian leaving restricted heirs, to determine the beneficiaries of the estate; that is, the heirs as between the petitioner for determination and all other persons claiming to be heirs. There is not the slightest indication that it was intended to confer upon the county courts any authority to render any judgment conclusive against third parties or persons claiming the land by purchase prior to the act from alleged heirs, who were unrestricted at the date of their conveyance.

"The act says: 'That a determination of the question of fact as to who are the heirs of any deceased citizen allottee * * * who may die, or have heretofore died, leaving restricted heirs, by the probate court of the state of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the law of said state for the determination of heirship in closing up the estate of deceased persons, shall be conclusive of said question', subject to the appeal, etc., as provided. What does the act mean by the phrase, 'shall be conclusive of said question?' What question? Clearly it means to make the determination conclusive of the question of heirship when the proceedings are 'conducted in the manner provided by the laws of said state for the determination of heirship in closing up the estate of deceased persons.' There is no

provision in the act of Congress for service of any process by publication or otherwise on anyone other than 'unknown heirs.' As none of the defendants in this case claim to be heirs of Thomas J. Taylor, there is no authority under the act of Congress for serving any process on them, or either of them, nor does said act confer upon the county court any authority to pass upon their rights or in any way render any judgment or decree conclusive upon defendants. The judgment of the county court shall be 'conclusive of said question,' meaning conclusive of the question as to who are restricted heirs as between persons claiming to be heirs, and their privies, and by privies we mean persons whose claim arises by purchase or otherwise after the act of Congress was passed, as later on explained herein. This land, although Thomas J. Taylor, the unit of allotment, was full-blood Choctaw Indian, was free from restrictions against alienation at the time defendants dealt with it and purported to acquire title through deeds from certain parties claiming to be the only heirs. Defendants took possession of the land under the deeds in 1904 and 1905, at a time when there was no law authorizing the county courts or any other special tribunal or federal agency to render any binding decree determining the heirship of Thomas J. Taylor, except the United States courts in the Indian Territory. At the time this land was allotted and at the time defendants purported to purchase it, and at the time defendants went into actual possession, it was free from all restrictions against alienation. Mullen v. United States, 224 U. S. 448; Skelton v. Dill, 235 U. S. 206; Adkins v. Arnold, 235 U. S. 417; Woodward v. Degraffenreid, 238 U. S. 284. * * *

"Who is going to determine this question? No court can determine that question without trying the title to the land. No ingenious reasoning can avoid the plain obvious conclusion that the answer to the question 'Who are the heirs of Thomas J. Taylor?' determines whether these defendants are the owners of the land. Now, Congress has jurisdiction over restricted Indians, and the restricted lands of tribunal citizens, but has no jurisdiction over these defendants. These defendants are not citizens of the tribe, nor claiming to be, and if they purchased this title from the rightful heirs in 1904 and 1905, and went into possession, which is all admitted, they have the title and there is no res or thing over which the county court, either as a state agency or as a federal agency, can acquire any jurisdiction by administration or otherwise. * * *"

The court in its instruction numbered 3 to the jury, hereinabove quoted, told the jury that "the evidence shows in this case that the question of heirship has already been adjudicated in a former case in this court, and that the plaintiffs have been adjudicated

to be the owners of an undivided one-half interest in this land and entitled to possession of said lands as tenants in common with the defendant; therefore, the question is not submitted to you for your determination and you are instructed that it will be your duty to find for the plaintiffs on this issue." Thus the court interpreted the decree and judgment of heirship to mean that it was a full adjudication by the plaintiffs of the full ownership and right of possession on the part of plaintiffs to said land, and on that issue the plaintiffs must prevail. Of course under this instruction there was nothing left for the jury to do except to find ownership and right of possession in favor of the plaintiffs. The facts in the case of Homer v. Lester, supra, are similar to those in the instant case. It was admitted in the instant case that the defendant bought and went into possession of said lands in 1917, which was long prior to the act of Congress relating to the determination of heirship, and the record discloses that the defendant was made a party to the action for the determination of heirship. The county court undertook to decree one-half of the estate in said lands to the plaintiffs in which defendant claimed the entire interest, and that upon appeal from the county court to the district court the result in the district court was the same as that reached in the county court, and upon the trial of this case the judgment of the district court was introduced in evidence over the objection of the defendant, and at the conclusion of the evidence the court in its instruction told the jury that the effect of such judgment was to place ownership and right of possession of an one-half interest in said lands in and to the plaintiffs. In the case of Homer v. Lester et al., supra, the court said:

"These defendants are not citizens of the tribe, nor claiming to be, and if they purchased this title in 1904 and 1905, and went into possession, they have title, and there is no res or thing under which the county court, either as a state agency or as a federal agency, can acquire any jurisdiction by administration or otherwise."

We therefore hold that the principles laid down in the case of Homer v. Lester et al., supra, are applicable to the instant case, so far as they relate to the right of the court to divest the defendant of her interest and possession of the lands in question, and that the admission by the court of the judgment of the district court of McIntosh county was erroneous, and that the court also committed prejudicial error in submitting instruction numbered 3 to the jury.

The cause is therefore reversed and remanded, with directions to proceed in said case not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HUNT, CLARK and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 524. (2) 31 C. J. p. 524. (3) 4 C. J. p. 1031.