## STURM v. DYER.

No. 29722. March 18, 1941.

Rehearing Denied April 23, 1941.

*113 P. 2d 378.*

H. A. Ledbetter, of Ardmore, for plaintiff in error.

Stephen A. George and John Clark Caldwell, both of Ardmore, for defendant in error.

DAVISON, J. This appeal involves certain errors alleged to have occurred in an action commenced by the defendant in error to quiet his title to ten acres of land situated in Carter county. The plaintiff in error, as a defendant in the action, asserted a claim to the same land.

The parties will hereinafter be designated as they appeared in the trial court.

While plaintiff's claim to complete ownership of the tract was based upon title by prescription as well as various conveyances of record, both he and the defendant deraign their record title from persons claimed to be heirs of Eastman Jesse, the full-blood Choctaw Indian allottee of said land. The base conveyance in plaintiff's chain of title is a guardian's deed filed for record in Carter county in 1909. It purported to convey all of the right, title, and interest of certain minors who were thereafter by decree of the district court of Carter county entered in 1937 (about one year previous to the filing of this action) determined to be the sole and only heirs of Eastman Jesse.

The defendant's claim is to an undivided one-half interest in said tract through mesne conveyances from two other persons who were declared by a decree of heirship entered by the district court of Latimer county (on appeal from the county court of said county) on September 24, 1921, to be heirs of the said Eastman Jesse in addition to those through whom plaintiff claimed.

When both parties had introduced evidence in support of their claims, the trial court entered its judgment in favor of the plaintiff after announcing certain findings of fact and the following pertinent conclusions of law:

"1. . . . that the attempted determination of heirs in the county court of Latimer county and on appeal to the district court of Latimer county, comes squarely within the rule of law announced in Homer v. Lester et al., 95 Okla. 284, 219 P. 392, and is not binding on nor res adjudicata as to the plaintiff. . . .

"3. . . . That the possession of the plaintiff and his predecessors in title, for more than 15 years, under claim of ownership, and which has been open, notorious and adverse, is sufficient to and has and does establish title by prescription in the plaintiff; that the acts of the defendant, as shown by the evidence, are insufficient in law to break the continuous and adverse possession of the plaintiff and his grantors."

It is the defendant's contention that both of the above-quoted conclusions are incorrect. He first says that the plaintiff could not have acquired a prescriptive title to the land in question because the possession upon which it was based was not adverse to the interest which he now claims. This argument is founded upon the premise that both parties derive their title through persons who, according to the determi-

nation of heirship in Latimer county, were heirs of the same decedent and consequently the predecessors in the chain of title of each were cotenants, none of whom could hold adversely to the other in the absence of an ouster. The plaintiff denies that any of his predecessors in title was the cotenant of any person in the chain of the defendant's purported title, and in reliance upon the first conclusion of law announced by the trial court refuses to be bound by or to recognize the purported determination of heirship upon which the defendant bases the premise that the persons executing the first deed through which he claims were also heirs of Eastman Jesse and cotenants with those through whom plaintiff claims. According to the defendant's argument, however, the decree entered in Latimer county was a valid and binding determination of heirship, and is not rendered a nullity as far as the plaintiff's rights are concerned by the decision of this court in Homer v. Lester et al. (95 Okla. 284, 219 P. 392) supra. In support of his position that the rule announced in the latter case is inapplicable to the heirship proceedings upon which he relies, his counsel quote portions of the opinions of this court in the cases of Owens v. Kitchens, 105 Okla. 88, 232 P. 797; Arnold v. Willis, 105 Okla. 172, 232 P. 15; In re Jackson's Estate, 117 Okla. 151, 245 P. 874; March v. Peter, 179 Okla. 207, 64 P. 2d 912; McDougal v. Black Panther Oil & Gas Co., 273 F. 113; and intermingles these with the suggestion that distinctions between the Homer Case and this case may be found in the fact that in the former the Indian heirs executing the first conveyance were unrestricted and conveyed an entire inheritance, while here those through whom plaintiff claims (on the basis of the Latimer county determination of heirship) could convey only an undivided one-half of the inheritance in question and were restricted. None of the cases cited is authority for defendant's position, nor is it otherwise demonstrated that the trial court erred, because of the factors mentioned, in applying Homer v. Lester, supra, to the present case. It is not claimed that the heirship decree upon which defendant relies was entered by any other authority than the Act of Congress of June 14, 1918 (40 St. L. 606); and in Homer v. Lester, supra, it was held:

"The judgment of the county court (or the district court on appeal) in the proceedings authorized by the Act of Congress of June 14, 1918, is not binding on or res adjudicata as to any person claiming an interest in or title to the allotment, acquired by a conveyance or deed or contract executed prior to the Act of June 14, 1918."

To the same effect is In re Jesse's Heirs, 259 F. 694, and the statement of the rule there refers to such a decree as a "nullity." See, also, Lynch v. Thompson, 108 Okla. 295, 238 P. 212.

Our failure to find merit in the defendant's contentions concerning the efficacy of the Latimer county decree to establish his major premise of cotenancy between the original grantees through whom the respective parties claim, disposes of the only question necessary to a determination of this appeal.

The judgment of the trial court is therefore affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.