## MAINARD v. THOMPSON et al.

No. 11982—Opinion Filed Oct. 2, 1923.

Rehearing Denied Dec. 4, 1923.

### 1. Courts—Probate Proceedings—Time for Appeal to District Court—Determination of Heirship.

A person interested in the estate or funds affected by the decree or order of the county court in a proceeding to determine heirship, who was not a party to the special proceeding in which it was made, but was entitled by law to be heard therein, upon his application, or who has acquired since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in chapter 3, art. 13, Compiled Stat. 1921.

### 2. Same.

An appeal by a party or by a person interested who was present at the hearing must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within 30 days from the date of the judgment, decree or order appealed from. (Section 1413, Compiled Stat. 1921.)

### 3. Same.

Where, in a proceeding in the county court, it was determined by the decree of such court that one who was a party to such proceeding and present at the hearing was not entitled to share in the distribution of the estate involved, and where such party within ten days from the date of such order and judgment conveys all of his right, title, and interest in such estate to a person who was not a party, and was not present at the hearing in the county court, such person may take an appeal to the district court within 30 days from the date of the judgment, decree, or order appealed from.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Plaintiff in error, J. L. Mainard, appealed from a judgment, decree, or order of the County Court of Okfuskee County to the District Court of said county. The District Court sustained a motion to dismiss the said appeal. From this order and judgment of the District Court plaintiff in error appeals to this court. Reversed and remanded.

L. L. Wilson, J. W. Wilmott, and R. J. Roberts, for plaintiff in error.

J. C. Wright, C. T. Huddleston, and Logan Stephenson, for defendants in error.

Opinion by PINKHAM, C. This is an appeal from an order and judgment of the

district court of Okfuskee county dismissing an appeal from the county court of said county. The following are the material facts disclosed in the record:

On the 26th day of November, 1919, there was filed in the county court of Okfuskee county an application to determine the heirs of one Abler Harjo, deceased. From an order and finding of the county court made on the 2nd day of March, 1920, that one Jimmie Harjo was the sole and only heir in and to the real estate of which the said Abler Harjo died seized and possessed, and that Mord Harjo and Roman Harjo, alleged heirs, were not in fact heirs and took nothing from the said estate, an appeal was taken to the district court of Okfuskee county by the plaintiff in error J. L. Mainard, and also by the guardian of the said Roman Harjo, a minor.

A stipulation signed by the attorney for the defendant in error W. S. Thompson by the attorneys for the plaintiff in error, J. L. Mainard, and by the attorneys for the said Roman Harjo is shown in the record, the material portion of which is as follows:

"That W. S. Thompson (defendant in error) purchased all the right, title and interest of the said Jimmie Harjo in the land owned by Abler Harjo, deceased; that the said J. L. Mainard has purchased at guardianship sale, duly confirmed by the county court of Okfuskee county, Oklahoma, March 23, 1920, all the right, title and interest of the said Mord Harjo, in and to the land involved. That T. E. Burch as guardian of Roman Harjo, a minor, has not sold any right which the said Roman Harjo may have in and to said tract of land."

Two appeals were prosecuted from the county court to the district court of Okfuskee county, one of which was the appeal of Roman Harjo, by his guardian, T. E. Burch, and the other by the said J. L. Mainard, plaintiff in error, on his own behalf.

The record discloses that the plaintiff in error gave written notice of appeal to the district court of Okfuskee county on March 12, 1920, and that an appeal bond in due form was approved on March 23, 1920. That another notice of appeal by the plaintiff in error, dated and signed March 23, 1920, was accompanied by an affidavit of interest in the subject-matter of the action on March 23, 1920, in which affidavit the plaintiff in error states:

"That on the 8th day of March, 1920, he purchased the interest of Mord Harjo, in the allotment of Abler Harjo, deceased, at a guardianship sale, under the order of the county court of Okfuskee county, and that

said sale was duly confirmed by an order of the county court entered on March 23, 1920, wherein the guardian of the estate of Mord Harjo, a minor, is ordered to execute to the said J. L. Mainard (plaintiff in error) a guardian's deed conveying to the said J. L. Mainard all the right, title, and interest of said minor, Mord Harjo, in and to the said land, and that in pursuance of said order the said guardian of Mord Harjo, a minor, executed to the said J. L. Mainard, a guardian's deed to the above described land."

This affidavit stands uncontroverted, and must be taken as true.

On June 28, 1920, the matter came on to be heard by the district court of Okfuskee county, on the motions of the defendant in error W. S. Thompson to dismiss the said appeals. The district court sustained both motions, dismissing both appeals for the reason that the said appeals were not taken within the time required by law and that the district court had no jurisdiction to hear and determine the same. Notice was given in open court by the plaintiff in error, Mainard, of his intention to appeal from the order of the district court dismissing his appeal from the order and judgment of the county court. No appeal has been prosecuted to this court by Roman Harjo.

The only question involved in this appeal of the plaintiff in error is, Did the district court of Okfuskee county err when it sustained the motions of defendant in error to dismiss the appeal for want of jurisdiction?

It is apparent from an examination of the record that the district court dismissed the appeal of plaintiff in error for the reason that said appeal was not taken within ten days from the date of the decree of the county court.

The statutes necessary to be considered are the following:

Section 1412, Compiled Stats. 1921, provides:

"A person interested in the estate or funds affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein, upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this article. The facts which entitle such person to appeal must be shown by an affidavit which must be filed with the notice of appeal."

Section 1413, Compiled Stats. 1921, provides:

"An appeal by a party, or by a person interested who was present at the hearing must be taken within ten days, and an appeal by a person interested, who was not a party and not present at the hearing, within thirty days from the date of the judgment, decree or order appealed from."

Section 1414, Compiled Stats. 1921, provides:

"First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law or of fact, or of both, and, if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,

"Second. By executing and filing within the time limited in the proceeding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appeal in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

The statutes above quoted provide "who may appeal, the period in which the appeal must be taken, and how taken."

It is contended by plaintiff in error in his brief that he has brought himself within the provisions of the statutes referred to and established his interest in the estate affected by the county court's decree as one who acquired his rights since the decree was entered, and therefore entitled to appeal within 30 days from the date of the decree appealed from.

It will be seen that section 1412, supra, fixes no time within which appeals may be taken, but simply provides for appeals, first, by persons not parties, but who were entitled to become such, and second, by parties subsequently acquiring an interest which would have entitled them to be made parties.

The next section, 1413, provides that an appeal by a party or by a person interested who was present at the hearing, must be taken within ten days, and an appeal by a person interested who was not a party, and not present at the hearing, within 30 days.

It is the contention of the defendants in error that the plaintiff in error, Mainard, having failed to perfect his appeal to the district court until 21 days after the decree appealed from, the decree being entered on March 2nd, and plaintiff in error's appeal being perfected on March 23, 1920, that the district court was without jurisdiction to try and determine the issues involved

before the county court, and that the district court did not err in dismissing plaintiff in error's appeal for that reason.

Whether a person "who has acquired since the decree or order was made, a right or interest which would have entitled him to be heard if it had been previously acquired" must appeal within ten days or 30 days from the date of the judgment, decree, or order made, depends upon the status of the person from whom he has acquired his right or interest.

If such person acquired a right or interest from a party or person interested who was present at the hearing, within ten days after such hearing and judgment, or if a right or interest was acquired since the decree or order was made from a person interested who was not present at the hearing, an appeal by such person in either case may be taken within 30 days from the date of the judgment, decree, or order made .

If the plaintiff in error acquired the right and interest of Mord Harjo in the land involved as stated by him in his affidavit within ten days from the date of the judgment, decree or order made by the county court, the plaintiff in error was entitled to appeal to the district court within 30 days from the rendition of the judgment of the county court.

We think this is the fair and legitimate interpretation of the meaning of the statutes, supra, and that the district court in dismissing the appeal of the plaintiff in error because such appeal was erroneous, committed error.

It is earnestly insisted by counsel for defendant in error that Mord Harjo, being a party, had a right to appeal within ten days from the date of the decree, and that Mainard having no greater rights than Mord Harjo, his grantor, it was incumbent on the said Mainard to perfect his appeal within ten days from the date of the decree. We cannot agree with this contention. The statutes, supra, are complete in themselves, and in plain and unambiguous language provide how appeals may be taken from the county court to the district court, who may take them, and the time within which such appeal may be taken.

The right to appeal in probate proceedings is entirely statutory and this court cannot impose any conditions except those prescribed by the statute.

It is a rule established by the decisions of this court that where a party acquires an interest at a guardianship sale, authorized and conducted under order of the pro-

bate court, and no adverse rights intervene, the confirmation of such sale relates back to the day of the sale and vests such interest as the purchaser acquired in the property from the date of the sale. Almeda Oil Co. v. Kelly, 35 Okla. 525, 130 Pac. 931; Scioto Oil Co. v. O'Hern, 67 Okla. 106, 169 Pac. 483.

That a ward's title to land passes by guardian's deed therefor, and not by confirmation of the court, see Scarf v. Aldrick, 97 Cal. 360, 32 Pac. 324.

Under the facts as shown by the record in this case Mord Harjo, at the date of sale of his interest, had a right to take said case by appeal to the district court. Such right existing at the time of the sale by the guardian to the plaintiff in error, he acquired such right together with whatever other interest he acquired in the property. Mord Harjo's right of appeal not having lapsed at the date of sale of his interests, his vendee acquired a right to be heard under the second provision of section 1412, supra; such vendee not being a party to the original proceedings in the probate court, but having acquired his interest therein before the time for appeal by Mord Harjo had expired, and having prior to the expiration of such time served notice upon the defendant in error of his intention to appeal, was entitled to the extension of time prescribed in section 1413, above quoted, for perfecting his appeal by reason of having an interest in the property and not being a party to the original action and not being present at the trial.

The only question before the trial court on the motion to dismiss plaintiff in error's appeal was whether he had taken such appeal within the time provided by statute. Plaintiff in error's interest or title in the property acquired was not involved in the hearing on the motion to dismiss. Such question could only be considered and determined on a trial on the merits. Therefore, the statute of lis pendens has no application to the question here presented, which is the right of a person interested who was not a party to the action, and not present at the hearing, to appeal from the county court to the district court within 30 days from the date of the judgment, decree, or order appealed from. The statute of lis pendens relates to title and not to the procedure for determination of titles.

We have examined the case cited by defendant in error—Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, and Adair v. Montgomery, 74 Oklahoma, 176 Pac. 911. We do not think these cases are applicable to the questions here presented, the specific question now before us not being involved in those cases.

For the reasons stated, we think that the district court committed error in sustaining the motion to dismiss the appeal, and that the judgment should be reversed and the cause remanded, with instructions to reinstate the said appeal and proceed with the trial of said cause de novo.

By the Court: It is so ordered.