Gilbert Arpealer et al., as petitioners, instituted this proceeding in the county court of Latimer county on the 16th day of November, 1921, for the determination of the heirship of Ellis Jefferson, deceased. The Stigler Land Company et al. filed answer to the petition. The county court entered a decree on the 29th day of September, 1922, adjudging that Sarah Wade, the mother of Ellis Jefferson, deceased, was the sole maternal heir and that Morris Battiest was the paternal heir.
Petitioners prosecuted an appeal to the district court and the cause was tried before Hon. George C. Crump, and judgment entered affirming the decree of the county court. The petitioners have prosecuted this appeal to reverse the judgment of the district court and many assignments of error are urged for reversal. But, upon a careful examination of the record in the case, we deem it only necessary to consider the assignment which challenges the sufficiency of the evidence to support the finding of fact of the trial court finding that Morris Battiest was the one-half brother of Ellis Jefferson and the only paternal heir to his estate. It is our conclusion that this finding of fact is against the clear weight of the evidence and not supported by sufficient evidence to sustain the decree entered thereon.
The evidence shows that Ellis Jefferson was a duly enrolled full-blood Choctaw Indian, enrolled opposite roll No. 9476, and died intestate on August 5, 1903, in what is now Latimer county, Okla. That he had never been married and had no children. That his parents were Thomas Jefferson and Sarah Wade. That Thomas Jefferson had died prior to the death of his son, Ellis Jefferson, in the year 1897. That his mother, Sarah Wade, survived him and that he left no brothers or sisters, unless Morris Battiest was his one-half brother. All of *Page 90 
the alleged heirs are full-blood Choctaw Indians.
The allotment of Ellis Jefferson was selected by an administratrix of his estate; said allotment being situated in Haskell county, Okla., and the allotment having been sold by Sarah Wade and Morris Battiest to the Stigler Land Company and its grantees long prior to the institution of this proceeding for determination of heirship. According to. the record the claimants brought into the proceeding were very numerous, being about 276 in number, said claimants having purchased town lots in the town of Stigler, as the allotment has been made an addition to the town of Stigler.
The vital question of fact involved in the proceeding was whether or not Morris Battiest was the legitimate child of Thomas Jefferson and Icey Haklotubbe, alleged to have married some time in the year 1878 or 1879. We have carefully examined the testimony, and we are unable to find sufficient evidence to sustain the finding of fact that Morris Battlest was the legitimate child of Thomas Jefferson resulting from a valid marriage with Icey Haklotubbe. The strongest evidence in the record only tends to show that probably some time about the year 1878 Thomas Jefferson and Icey Haklotubbe cohabited together for a while and that a small child of a few months age was with Icey Haklotubbe about that time. But the evidence is wholly insufficient to establish a marriage or that the child which the witnesses claimed to have seen with Icey Haklotubbe at the particular time is the Morris Battiest asserted to be the heir of the estate of Ellis Jefferson. The great weight of the testimony tends to show that Thomas Jefferson married Sarah Wilson, now Sarah Wade, in 1879, and of that marriage five children were born, the deceased, Ellis Jefferson, being the youngest, who died at the age of 17, and that Sarah Wilson was the only woman to whom Thomas Jefferson was ever legally married. Morris Battiest himself testified in this proceeding. It is strange to say he knows nothing about his parents. It is very probable if he was the offspring of a legal marriage he would have no difficulty in testifying to his parentage, if by no other means than by tradition.
There is no serious conflict in the testimony that Icey Haklotubbe was the mother of Morris Battiest, and that on his application for enrollment, which was filed in the year 1902, and in the evidence adduced in support of his application it is shown that Morris Battiest was an illegitimate child; that his mother was a loose woman and that the identity of his father was unknown. The enrollment record, including the evidence presented on the application of Morris Battiest for enrollment, is entitled to great weight in determining the identity of Morris Battiest. Page et al. v. Atkins, 86 Okla. 290,208 P. 807; In re Estate of McDade (Walker v. Tyner et al.)95 Okla. 120, 218 P. 532.
It is clear from this record that on the hearing of the application for enrollment of Morris Battiest, the parties who had reared and were interested in having him enrolled as a member of the Choctaw Tribe of Indians were unable to present any satisfactory testimony to the Commission to the Five Civilized Tribes that Morris Battiest was the legitimate child of Thomas Jefferson, and this is a significant fact for the reason if such evidence could have been presented to the commission it would have entitled Morris Battiest to enrollment without the introduction of further evidence, as Thomas Jefferson was enrolled on the old tribal Choctaw rolls of 1885.
The enrollment of Morris Battiest was approved August 22, 1906, and the record of his enrollment on this date shows his age at 21, and the evidence in the record strongly indicates his father was unknown. It is quite clear from the evidence as to the age of Morris Battiest that on the date of his birth Thomas Jefferson was then legally married to Sarah Wilson and had as many as two children by her.
We do not deem it necessary to review the testimony further, as the judgment of the trial court must be reversed, but it may be observed here that according to the allegations of the petition filed in this proceeding it is apparent that the relief sought by the petitioners against these record claimants is to have the probate court determine the title of such claimants in the lands which they purchased many years ago, and that in this situation the case is controlled by the rule announced in Homer v. Lester, 95 Okla. 284, 219 P. 392, wherein it was held such decree would not be binding on the record claimants in possession of the lands involved under deeds asserting title. Such a case is a proper one for the district court in a proper action to determine the interest of any claimant to the lands involved adverse to that of the record claimants.
For the reasons stated, the decree is reversed, and the cause remanded to the district *Page 91 
court, with directions to proceed in accordance with the views herein announced.
JOHNSON, C. J., and BRANSON and HARRISON, JJ., concur. McNEILL, J., concurs in conclusion reached.