**OWENS v. KITCHENS et al.**

No. 14620—Opinion Filed Dec. 16, 1924.

1. **Indians — Determination of Heirship — Finding as to Date of Death—Evidence.**

Record in the instant case examined, and held, the finding of the trial court as to the date of the death of the deceased allottee is amply supported by the evidence.

2. **Same—Powers of Congress — Heirship Act—County Court Jurisdiction.**

The plenary authority of Congress to legislate for full-blood members of the Five Civilized Tribes concerning their restricted lands cannot be limited or impaired by the Constitution or laws of the state, and section 12, art. 7, of the state Constitution does not prohibit the county courts from exercising the authority conferred on said courts by the Act of Congress June 14, 1918 (U. S. Comp. Stat. 1918, secs. 4234a, 4234b, Appen.)

3. **Same—Effect on Title of Purchaser from Restricted Heir.**

A person purchasing from an alleged restricted heir, after the Act of Congress June 14, 1918, will be treated as having agreed that the county court may conclusively determine the heirship subject to appeal.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Hughes County; J. J. Smith, Assigned Judge.

In a proceeding to determine the fact of heirship of a deceased full-blood Indian allottee judgment was rendered declaring one Peter Fish to be the only heir of Lucinda Fish, deceased. From the judgment rendered, O. O. Owens appeals, making J. S. Kitchens and others defendants in error. Affirmed.

Diamond & Orr, for plaintiff in error.

Anglin & Stevenson, for defendants in error.

Opinion by PINKHAM. C. This cause originated in the county court of Hughes county on or about the 22nd day of January, 1922, and had for its object the determination of the heirship of one Lucinda Fish, deceased, and ancillary to an administration proceeding then pending in said court. Upon a hearing pursuant to due notice Peter Fish was declared to be the sole and only heir of Lucinda Fish, deceased, from which decision the plaintiff in error, O. O. Owens, appealed to the district court of Hughes county, and judgment rendered in said district court to the same effect on the 9th day of April, 1923.

When the cause came on for trial in the district court the plaintiff in error presented his verified motion to abate said cause, alleging that the court did not have jurisdiction to determine the heirship, that a suit involving the lands in controversy was pending in the district court of Creek county where the land in which the plaintiff in

error is interested is situated, and that the heirs and pretended heirs had sold and conveyed · their interest in said land, and asked the court to abate and continue this action pending determination of said cause in the district court of Creek county, which motion was overruled.

Motion for new trial was overruled, exception allowed, and the cause comes regularly on appeal to this court by the plaintiff in error.

For reversal of the judgment counsel for plaintiff in error submit and discuss in their brief two propositions, the first of which is that there is not sufficient evidence contained in the record as to the date of the death of Lucinda Fish.

It is contended under this proposition that "the defendant in error, by his evidence, only proved the fact of the death and domicile of Lucinda Fish, deceased. The argument is that there is no testimony in the record of a circumstance to show whether Lucinda Fish died prior to the Act of Congress, June 14, 1918, or subsequent thereto"; that it becomes important to know the date of the death of Lucinda Fish, in view of the fact that after August 8, 1902, until November 16, 1907, the Arkansas law governed the devolution of the estates of Creek Indians, and that if Lucinda Fish died prior to 1907 her entire estate would have descended, one-half to the heirs of her mother, and one-half to the heirs of her father, subject to the curtesy right of her husband, Peter Fish, and that having failed to establish the date of the death of Lucinda Fish by competent testimony, the demurrer of plaintiff in error to the evidence should have been sustained.

The defendants in error admit that as to the oral testimony taken there was no time of death proved, but that the answer of plaintiff in error, a copy of which is contained in the record, admits that Lucinda Fish was a full-blood Creek Indian; that she died while a resident of Hughes county on or about the 22nd day of April, 1921, but denies that Peter Fish was the sole and only heir, and states the fact to be that Eliza Spaniard inherited an undivided. one-half interest in the lands belonging to Lucinda Fish at the time of her death, and that Eliza Spaniard has since that time conveyed her interest which is now owned by O. O. Owens, plaintiff in error.

Defendants in error claim that aside from this answer there is sufficient evidence and admissions as shown by the instruments offered in evidence by plaintiff in error to conclusively prove that the death of Lucinda Fish occurred on the 22nd day of April, 1921.

It appears that at the time the original case-made was filed in this court it did not contain any petition for determination of the heirship or the answer of plaintiff in error. It further appears that upon due notice given to plaintiff in error's attorney the case-made was withdrawn from the office of the clerk of this court under order of the court and presented to the trial judge who tried the cause in the district court of Hughes county, and the case-made was amended by inserting copy of petition for determination of heirship, and copy of answer filed by plaintiff in error, and that these instruments are now found in the record.

The trial court found on June 4, 1924, that these instruments are and should be a part of the case-made filed in said cause "and the same is hereby certified and signed as the true and correct copy of case-made as amended."

The trial court found that Lucinda Fish died while a resident of Hughes county on the 22nd day of April, 1921. A careful examination of the various instruments offered in evidence by the plaintiff in error convinces us of the sufficiency of the proof as to the date of the death of the said Lucinda Fish.

The second proposition discussed in plaintiff in error's brief is "that the trial court was without jurisdiction to determine the heirs of Lucinda Fish."

It is admitted in this case that Lucinda Fish was a full-blood Creek Indian; that Peter Fish was a full-blood Indian, and that the one from whom plaintiff in error claims. Eliza Spaniard, was also a full-blood Creek Indian.

The Act of Congress approved June 14, 1918, provides in part "that a determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes who may die or may have heretofore died, leaving restricted heirs, by the probate court of the state of Oklahoma, having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said state for the determination of the heirship in closing up the estate of deceased persons, shall be conclusive of said question: provided, that an appeal may be taken in the manner and to the court provided by law in cases of appeal in probate matters generally." etc.

It is contended by plaintiff in error that the proper court for the determination of heirship of the deceased allottee and to try the question of title to the land in controversy is the district court of Creek county, where it is said a suit is pending for the determination of the controversy between the plaintiff in error and the defendants in error, and that the county court of Hughes county having been prohibited by section 12, article 7, of the Constitution from trying title to real estate the court was without jurisdiction to determine the issues.

In State ex rel. Miller v. Huser, 76 Okla. 130, 137, 184 Pac. 113, it is said in the fifth paragraph of the syllabus:

"The plenary authority of Congress to legislate for full-blood members of the Five Civilized Tribes concerning their restricted lands cannot be limited or impaired by the Constitution or laws of the state, and section 12, art. 7 of the state Constitution, does not prohibit the county courts from exercising the authority conferred on said courts by the Act of Congress of June 14, 1918 (U. S. Comp. St. 1918, secs. 4234a, 4234b, Appen.)"

In the body of the opinion it is said:

"In the light of this provision of our Constitution (section 3, art. 1, Williams' Constitution), which must be taken into consideration in construing section 12, art. 7, of the same instrument, it may well be doubted whether there is anything in our Constitution prohibiting county courts from exercising the power and authority conferred by the Act of June 14, 1918, so far as restricted Indians and their property, are concerned, even though a determination of the question of heirship by such courts should affect the title of the land; but however this may be in view of the governing principles heretofore alluded to there can be no doubt that section 12, article 7, supra, has no application in such cases. The state Legislature has not prohibited the county courts from exercising the authority conferred on them by the Act of June 14, 1918, but on the contrary has specifically sanctioned it. Chapter 25, Session Laws 1919."

In the case of Homer v. Lester, 95 Okla. 288, 219 Pac. 395, the court said that "an examination of this Act of Congress fails to disclose any intention to confer upon county courts jurisdiction to try title of land, it being clearly the intent of the act to empower the county courts as an incident to the administration of an estate of a restricted Indian, leaving restricted heirs, to determine the beneficiaries of the estate; that is, the heirs as between the petitioner for determination and all other persons claiming to be heirs."

The county and district courts held that Lucinda Fish died while a resident of Hughes county, Okla., on April 22, 1921, and left as her sole and only heir at law, Peter Fish, her husband. There can be no question, we think, as to the jurisdiction of the county court acting under the petition of Peter Fish, the admitted husband of the deceased, to determine the fact of the heirship or the district court of Hughes county upon the appeal to determine such fact.

The fact that prior to the heirship proceedings the land in controversy had been sold by Peter Fish to the defendant in error, and by Eliza Spaniard, who claimed to be a half-sister of the deceased, to the plaintiff in error, did not operate to deprive the county court or the district court of Hughes county on appeal from the county court of jurisdiction to determine the one question before said court; that is, the fact of heirship as provided in the Act of June 14, 1918.

In Homer v. Lester, supra, in construing the act of June 14, 1918, it is said in the opinion:

"We think anyone purchasing from an alleged restricted heir after the Act of Congress of June 14, 1918, although no heirship proceedings are then pending, takes subject to the power of the county court to determine the heirship; that is to say, one purchasing from an alleged restricted heir after the federal heirship act will be treated as having agreed that the county court may conclusively determine the heirship, subject to appeal, and that he, as purchaser and therefore privy to the alleged heir, will be bound by the judgment of the county court. This is on the theory, using the language of the court in Northern Pacific Ry. Co. v. Wall, 241 U. S. 87, 36 Sup. Ct. 493 that 'the laws in force at the time and place of the making of a contract, and which affect its validity, performance and enforcement. enter into and form a part of it, as if they were expressly referred to or incorporated in its terms.'"

Counsel for plaintiff in error say that this statement in the opinion in Homer v. Lester, supra, was not necessary to the decision in that case, and is therefore obiter dictum and does not settle the question.

The statement objected to may be obiter dictum as contended by plaintiff in error. However that may be, we are clearly of the opinion that the statement criticised is clearly applicable to the undisputed facts shown by the record in the instant case.

We conclude that the record discloses the date of the death of the deceased, and that the county and district courts had jurisdic-

tion to determine the fact of heirship in the instant case, by virtue of the Act of Congress, June 14, 1918.

We think the judgment of the district court of Hughes county should be affirmed.

By the Court: It is so ordered.

Note.—See 31 C. J. § 98.