**ROBINS et al. v. SMITH et al.**
**SMITH et al. v. ROBINS et al.**

Nos. 17339. 17386. Consolidated. Opinion Filed Nov. 15, 1927.

Rehearing Denied March 20. 1928.

(Syllabus.)

**1. Indians—Parentage of Allottee—Enrollment Records as Evidence.**

Where application is made for the enrollment of a minor Creek child, under the Act of Congress of April 26. 1906, 34 Stat. at L. 137, and upon the enrollment of such child, through error on the part of the Commission, the name of the child's father is stated as Mack Robins on the census card, when in truth and fact the name of the child's father was Charley Robins, and where it is clear that the Commission, in making such notation on the census card, drew a wrong conclusion from the evidence and affidavits before it at the time of such enrollment, and the entire enrollment record offered in evidence shows no basis for such erroneous conclusion, and the Commission thereafter makes an additional notation on such census card showing Charley to be the father of such child, held, that the mere notation on the census card at the time of enrollment that Mack Robins is the father of such child is not sufficient evidence to support the finding and judgment of the trial court that such child is not the son of Charley Robins.

**2. Same—Quieting Title—Judgment not Supported by Evidence on Heirship.**

Evidence examined, and held, insufficient to support the judgment of the trial court.

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Alford Robins against Earl Robins et al. in ejectment and to quiet title. Judgment in favor of plaintiff. and defendants Earl Robins, Phoebe Franklin, nee Robins, and John T. Smith file separate appeals. Appeals consolidated. Reversed and remanded, with directions.

Roy T. Wildman and Thrift & Davenport. for plaintiffs in error Earl Robins et al.

McDougal, Allen & Pryor, for defendants in error J. T. Smith et al.

L. A. Wallace, for defendant in error Alford Robins.

HERR, C. In this case title in and to the east half of the southwest quarter of section 10, township 15 north, range 10 east is involved. These premises were allotted to Charley Robins, a Creek freedman, who died sometime during the year 1905, seized thereof. This suit was brought by Alford Robins, an incompetent, by his guardian, W. T. Bowling, against Earl Robins, Phoebe Franklin, nee Robins, John T. Smith, Ethel Ricks, Jean Ricks, Agnes Ricks, and James Ricks, to recover possession of said premises and to quiet title thereto, the said Alford Robins claiming to be the sole and only heir at law of the said Charley Robins, deceased.

The trial court rendered judgment adjudging plaintiff to be the owner of an undivided one-half interest in fee in and to the said

premises subject to dower rights of the defendant Phoebe Franklin, nee Robins, and adjudging the defendant John T. Smith to be the owner of an undivided one-fourth interest, and Ethel Ricks, Jean Ricks, Agnes Ricks and James Ricks were adjudged to be the joint owners of an undivided one-fourth interest therein, the said last named defendants being the heirs at law of J. M. Ricks, deceased. It was further adjudged and decreed that the defendant Earl Robins was not a son of Charley Robins, deceased, and therefore not entitled to any interest in or to said premises. Further judgment was rendered quieting title in the plaintiff and defendants as above indicated and enjoining the defendant Earl Robins from asserting or claiming any right, title or interest in or to said premises.

Further judgment was rendered in favor of the defendant John T. Smith again defendant Phoebe Franklin, nee Robins, for the sum of $100 as rents and damages for the wrongful detention of said premises.

To reverse this judgment, two separate appeals have been filed in this court, defendants Earl Robins and Phoebe Franklin, nee Robins, joining in one appeal to reverse the judgment as against them, and the defendant John T. Smith filing a separate appeal from the judgment in favor of the plaintiff adjudging said plaintiff to be the owner of a one-half undivided interest in and to said premises. These appeals are herein consolidated.

The cause was tried by the court, and at the trial the court made the following findings of fact:

"1. The court finds that the land involved in this suit to wit, east half of the southwest quarter of section 10, township 15 north, range 10 east in Creek county, Okla., was allotted to Charles Robins, a Creek freedman, and that said Charles Robins died seized thereof during the year 1905.

"2. That during the early part of 1896, Charles Robins, the allottee, and Alice McNack were duly and lawfully married in accordance with the law of the Creek Nation, then in force in the Creek Nation, and of such marriage there was born to Charles Robins, the allottee, and Alice McNack, Lulu Robins, who subsequently was married to Alec Tate; and the court finds that wherever Lulu Tate and Lula Robins appear in the record that the two names refer to the same person.

"3. The court finds that this marriage between Charles Robins and Alice Robins was dissolved in accordance with tribal custom of the Creek Nation, prior to the time

said Charles Robins and Phoebe Franklin, nee Robins, were married.

"4. The court finds that Alford Robins was born October 1, 1902, during wedlock of Charles Robins and Phoebe Franklin, and that Charles Robins was his father.

"5. The court further finds that upon the death of Charles Robins, the said Lulu Robins and Alford Robins inherited the fee simple title to the land involved, subject to the dower estate of Phoebe Franklin, nee Robins.

"6. The court finds the claimant and defendant Earl Robins enrolled opposite 140, minor Creek by the Dawes Commission is not entitled to inherit; that the evidence is wholly insufficient to support the allegation that Earl Robins is the son of Charles Robins. The court therefore finds that Earl Robins is not the son of Charles Robins and is not an heir of Charles Robins.

"7. The court further finds that heretofore, on January 29, 1919, Phoebe Franklin, nee Robins, sold and released to John T. Smith and J. M. Ricks, her dower interest in said land insofar as it applied to the one-half fee simple title inherited by the said Lulu Tate, which she, Lulu Tate, had previously conveyed to John T. Smith and J. M. Ricks.

"8. The court finds that during the year 1919, the said Lulu Tate, nee Robins, made and executed a deed to John T. Smith and J. M. Ricks conveying to said John T. Smith and J. M. Ricks all of her right, title, and interest in and to the above described land.

"9. The court finds that J. M. Ricks died during the year 1919, leaving surviving him as his sole heirs, Ethel Ricks, his widow, and Agnes Elizabeth Ricks, Jean Ricks and James Moore Ricks, Jr."

The defendants Earl Robins and Phoebe Franklin, nee Robins, except to finding No. 6, wherein it is found that Earl Robins is not the son of Charley, and therefore not entitled to inherit any portion of the premises herein involved, it being contended by them that the evidence is wholly insufficient to sustain this finding. We think this contention must be sustained. It is not seriously contended by any of the parties to this controversy that the defendant Earl Robins is not in fact the son of Charley Robins. It is, however, contended that the enrollment record shows him to be the son of Mack Robins, and that such record, if not conclusive against him, is sufficient evidence upon which to sustain the finding of the trial court that he is not the son of Charley.

The enrollment record was introduced in evidence by plaintiff, certified to as such, and consists of the birth affidavit made at the time of enrollment by Phoebe Franklin,

nee Robins, mother of the defendant, Earl Robins, the affidavit of Hager Tiger, midwife, and the census card. These affidavits are as follows:

"I, Phoebe Robins, on oath state that I am 25 years of age and a citizen by adoption of the Creek Nation; that I am the lawful wife of Mack Robins, who is a citizen by adoption of the Creek Nation; that a male child was born to me on 7 day of July, 1905; that said child was named Earl Robins and was living March 4, 1906.

her<br>
"Phoebe  X  Robins."<br>
mark.

"I, Hager Tiger, a midwife, on oath state that I attended on Phoebe Robins, wife of Mack Robins on the 7 day of July 1905; that there was born to her on said date a male child; that said child was living March 4, 1906; and is said to have been named Earl Robins.

her<br>
"Hager  X  Tiger"<br>
mark.

On the census card introduced in evidence appears the notation that Mack Robins is the father of Earl. It further appears from the census card that application was made for the enrollment of Earl Robins by his mother, Phoebe Robins, June 22, 1906, and was approved July 3, 1906. There also appears on the census card, under date of October 7, 1915, the following notation:

"See testimony of even date from which it appears that the father was Charley Robins."

The testimony referred to by the notation on the census card consists of the affidavit of Phoebe Robins and is as follows:

"Supplemental Proof.

"In re Earl Robins, Creek Minor Fr. Roll No. 140.

"Phoebe Robins of Tabor, Okla.

"Oklahoma, Roll No. ——, of lawful age, being duly sworn according to law deposes and says that the answers made to the following interrogatories are true:

"Q. Proof of birth for your minor child Earl Robins purports to show that the father of said Earl Robins was Mack Robins. Is that correct? A. No. Q. Who was the father of said Earl Robins? A. Charley Robins.

"Phoebe Robins.

"Subscribed and sworn to before me this 11 day of October, 1915.

" (Seal)     Amos R. Reed, Notary Public."

The defendant Phoebe Franklin, nee Robins, testifies that the first time she knew that the census card stated Mack Robins was the father of Earl Robins was when the department made inquiry in regard to the matter and forwarded to her the departmental form to correct the mistake, the form referred to being the printed form of affidavit above quoted. She further testified that she at no time advised the Commission that Mack Robins was the father of Earl, and testified positively that Charley was his father. The evidence is conclusive that Charley Robins and Phoebe Franklin, nee Robins, were married by ceremonial marriage February 7, 1901; that Earl was born July 7, 1905; that they built a house on this allotment and lived together thereon until the death of Charley Robins, which occurred September 11, 1905. The testimony discloses that Mack Robins was a brother of Charley Robins.

It is further disclosed by the evidence that shortly after the death of Charley Robins, Phoebe married Mack Robins. Sometime after this marriage Mack Robins died, and Phoebe married a man by the name of Franklin, and she appears in this suit as Phoebe Franklin.

The testimony further discloses that in the year 1912, application was made by Phoebe Franklin and her then husband, Mack Robins, for the appointment of Mack Robins as guardian of Earl Robins, in which application it was stated that Mack was the stepfather of Earl.

Earl Robins testified that he was always told that Charley Robins was his father; that he always called Mack Robins uncle, and that Mack aways told him that Charley was his father. The evidence is conclusive that Charley was in fact the father of Earl Robins.

The only evidence to the contrary is the notation on the census card to the effect that Mack Robins is the father of Earl Robins. Under the circumstances in this case, as shown by the record, we are of the opinion that such notation on the census card is without probative force. There was no evidence before the Commission at the time of the enrollment of Earl Robins justifying the conclusion that Mack was the father of Earl. The Commission had before it at said time the birth affidavit of Phoebe Franklin, the mother of Earl, and the affidavit of Hager Tiger, midwife. These affidavits do not justify this conclusion. The affidavit of Phoebe Franklin is that she was at said time, to wit, June 22, 1906, the lawful wife of Mack; that on the 7th day of July, 1905, there was born to her a male child, and that said child had been named

Earl. Nowhere is it stated in said affidavit that Mack was the father of said child. This affidavit, as before stated, was made in June, 1906. At that time Charley was dead and Phoebe Robins had then been lawfully married to Mack Robins. The statement by Phoebe Robins, in her affidavit, that she was at said time the lawful wife of Mack Robins, is not equivalent to the statement that Mack is the father of Earl. To the same effect is the affidavit of Hager Tiger, midwife. These affidavits constitute the evidence upon which the census card was based. It is evident that in making the above notation on the census card, the Commission erroneously drew from these affidavits the conclusion that Mack was the father of Earl. It also appears in evidence that the Department, after discovering this error and after discovering that there was no evidence before it to justify the conclusion that Mack was the father of Earl Robins, attempted to correct the error.

Taking, then, the enrollment record as a whole, it falls far short of establishing that Mack Robins was the father of Earl Robins. In this connection we do not wish to be understood as saying that the proceedings taken by the Department in 1915 to correct its erroneous conclusion form a part of the enrollment record, but the same is evidence to support the contention that the notation on the census card was made through error on the part of the Commission.

It must be borne in mind that the census card does not, alone and in itself, constitute the enrollment record, but such record consists of all the testimony, exhibits and affidavits before the Commission tending to establish the right of the applicant to enrollment, and the entry made on the census card is merely the conclusion of the Commission from such evidence. Of course, if the evidence is not preserved and the census card is the only record existing, and it is so certified to by the proper official, it may be admitted as the enrollment record. Scott v. Brakel, 43 Okla. 655, 143 Pac. 510; Sharshontay v. Hicks, 62 Okla. 2, 166 Pac. 881.

We conclude, therefore, that the enrollment record, taken as a whole, does not support the conclusion and finding of the trial court that Earl Robins is not the son of Charley Robins, and the court, therefore, erred in decreeing that said Earl Robins had no right, title or interest in and to the premises herein involved. .

In support of the judgment counsel appearing adversely to the defendant Earl Robins cite the following authorities: Page v. Atkins, 86 Okla. 290, 208 Pac. 807; Arpealer v. Stigler Land Co., 101 Okla. 89, 221 Pac. 247; Halsell v. Beartail, 107 Okla. 103, 227 Pac. 392. These authorities lay down the following rule:

"The enrollment records of the Five Civilized Tribes were prepared under an Act of Congress (June 28, 1898, 30 Stat. L. 502), which directed that 'said Commission shall make such rolls descriptive of the persons thereon, so that they may be thereby identified.' The enrollment record, made pursuant to this act of Congress, which discloses the identity of an enrolled citizen, is conclusive evidence as to the identity of such citizen, in the absence of clear, unambiguous and convincing countervailing evidence, clearly establishing error or mistake."

This rule is not applicable to the facts in the instant case for the reason, as before stated, that the notation upon the census card that Mack Robins is the father of Earl Robins is not borne out by the evidence constituting the enrollment record. Moreover, the court, in the cited cases, was construing the Act of June 28, 1898. The enrollment in question is not under this act, but is under the Act of April 26, 1906. It is not necessary for us to determine, in arriving at a decision in this case, the probative force of the enrollment record under this act in case it had been shown by such record, taken as a whole, that Mack Robins was the father of Earl Robins. It is sufficient to say that this fact is not established by such record when the record is considered as a whole.

The evidence discloses that in addition to defendant Earl Robins, Charley Robins had two other children, namely, Alford Robins, plaintiff herein, and a daughter, Lulu Tate, nee Robins, by a former marriage. The evidence discloses that in the year 1919, Lulu Tate sold and conveyed all of her right, title and interest in and to the premises involved in this action to the defendant John T. Smith and J. M. Ricks, and the defendant Phoebe Franklin, nee Robins, at the same time sold and relinquished to said parties her dower interest in and to said premises in so far as it applied to the inheritable interest of the said Lulu Tate.

It is contended by John T. Smith, in his appeal, that the court erred in holding that plaintiff Alford Robins was entitled to inherit a portion of the allotment in question. It is argued, that at the time of the death of Charley Robins, he being a Creek freedman, none but a Creek citizen could inherit;

that the enrollment record showing plaintiff to be enrolled as a Creek is the only evidence by which he could establish his right to inherit. This record was not introduced in evidence. There is no doubt that the enrollment record in such cases is the best evidence, but the production of this record may be waived, and we hold that the same was waived in this case. There was evidence introduced, without objection, to establish the fact that the plaintiff Alford Robins was a duly enrolled citizen of the Creek Nation, and on this evidence the court was justified in holding that he was entitled to inherit.

It follows, from what has been said, that the plaintiff Alford Robins is entitled to a one-third undivided interest in fee in and to said premises, subject to dower rights of defendant Phoebe Franklin, nee Robins; that defendant Earl Robins is entitled to a one-third undivided interest in fee subject to dower rights of Phoebe Franklin, nee Robins; that the defendant John T. Smith is entitled to a one-sixth undivided interest in fee, free from dower rights of defendant Phoebe Franklin, nee Robins; and that the Ricks heirs, defendants, are jointly entitled to a one-sixth undivided interest in fee, free from dower rights of defendant Phoebe Franklin, nee Robins. In decreeing otherwise, the court erred. The judgment in favor of the defendant John T. Smith against the defendant Phoebe Franklin, nee Robins, should be reduced in the same proportion and ratio that the defendant Smith's interest in and to said premises is reduced.

Judgment should be reversed, and the cause remanded, with directions to the trial court to enter judgment in accordance with the views herein expressed.

BENNETT, TEEHEE, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1, 2) 31 C. J. p. 490, §31 (Anno).