## DAVIS v. HARJO'S UNKNOWN HEIRS, Etc., et al.

No. 19234.  Opinion Filed Feb. 12, 1929.

Rehearing Denied July 2, 1929.

Davis & Patterson, Carver & Huser, and Geo. S. Ramsey, for plaintiff in error.

Pryor & Stokes, J. B. Campbell, and Hugh Murphy, for defendants in error.

LEACH, C. B. F. Davis, plaintiff in error, as plaintiff below, commenced this action June 9, 1923, in the district court of Seminole county, against, and named as defendants, "the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of Echoille Harjo, Seminole Roll No. 92, deceased, Hesahoka, deceased, a Seminole Indian, Roll No. 1518, and Wiley Thlocco, deceased, who died before enrollment," and aleged in his petition that he was the owner of and was and has been in the exclusive possession for the past 18 years of certain described lands (120 acres), which land was allotted and patented to Echoille Harjo, a full-blood Seminole Indian, who died intestate and without issue in the year 1902; that the allottee left surviving him his mother, Hesahoka, Seminole Roll No. 1518, who died on August 15, 1904. also his two brothers, Ponluste, Seminole Roll No. 1519. and Tommy, Seminole Roll No. 1543, and two nephews, Jacob Thlocco, Seminole Roll No. 1516, and Whitlow Thlocco. Seminole Roll No. 1517, sons of a deceased brother of the allottee; further alleged that by warranty deeds he had obtained the interest from each of the above-named heirs of Echoille Harjo; that the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of Echoille Harjo, were claiming and asserting some right, title and interest in and to the land, the exact nature of which was unknown to plaintiff; that such claim was without legal right, wrongful, and a cloud upon plaintiff's title, and prayed that defendants be required to plead their right, title, or interest, if any. in and to the lands; that judgment be entered in favor of plaintiff quieting his title, and that defendants be enjoined from asserting or claiming any right, title, or interest therein.

Service and notice of suit was had and given in the cause by publication, and on July 25, 1925, defendants were adjudged in default and judgment entered in favor of the plaintiff barring the defendants of all right in the land described and quieting plaintiff's title thereto. The court found and recited in the judgment that upon the death of Echoille Harjo, the allottee, he left surviving him, as his sole heirs at law, the parties as named and alleged in the petition; that the plaintiff had been in the peaceable and exclusive possession of the land since about January 1, 1907, paid taxes thereon since statehood, and had obtained warranty deeds to the land from the heirs named.

Parties other than the defendants in error in this appeal filed their application to open the judgment, which application was denied previous to the ruling and judgment complained of in this appeal, and they perfected an appeal which was decided in an opinion, Wise et al. v. Davis, 132 Okla. 65, 269 Pac. 248.

The defendants in error in this appeal, Concharty, Milly, Annie Murrow, Eliza Wolfe, and David Stamp, filed their several applications in the case to open the judgment, and that they be let in to defend in the cause as provided by section 256, C. O. S. 1921, for opening judgment after default on service by publication, alleging they were heirs of the deceased allottee and owned and held certain title and interests in the land involved. The plaintiff, Davis, filed a response to the application to open the judgment, in which he denied that the applicants had no actual notice of the pendency of the action in time to appear and make a defense, and further alleged that, on the 30th day of September, 1925, the county court of Seminole county, which had jurisdiction to settle the estate of the deceased allottee, made and entered its decree of heirship "In the matter of the determination of heirship of Echoille Harjo, Seminole Roll No. 92, Hesahoka, Seminole Roll No. 1518, and Wiley Thlocco. Seminole Indian not enrolled," whereby it exercised jurisdiction conferred upon it by the Act of Congress approved June 14, 1918, and wherein said court adjudged that persons other than the applicants, defendants in error, were the sole and only heirs of the deceased allottee and the heirs of his deceased heirs; that the judgment of the county court of Seminole county is conclusive and exclusive evidence of the identity of the heirs of the deceased allottee. A copy of the petition filed by Jacob Thlocco in the county court for the determination of the heirship and a copy of the judgment and de-

cree of the county court entered thereon were attached to and made a part of the response, and plaintiff prayed that the district court hold and decree that the heirship judgment of the county court of Seminole county is final, binding, conclusive and exclusive evidence of the identity of the parties to this action as the heirs of Echoille Harjo, deceased.

The applications to open the judgment were heard and considered by the district court on September 26, 1927, at which time the court found in favor of the applicants, defendants in error, and entered its order that the respective applications to open said judgment of July 25, 1926, be granted, and said applicants were given leave to enter their appearance and defend against the action; to which ruling and judgment the plaintiff duly objected and gave notice of appeal therefrom and filed his motion for a new trial thereon, which was denied, and he brings this appeal.

Plaintiff states in his brief that: "The only assignments of error we deem essential to discuss are the third and fourth," which are presented under the following propositions:

"(a) That the judgment of the county court of Seminole county, rendered and entered September 30, 1925, determining the heirship of the deceased allottee, not having been appealed from and not having been opened within six months thereafter, is conclusive; and (b) that under section 256, C. L. Oklahoma, 1921, the judgment of the district court rendered on July 25, 1925, can be opened only on the application of an heir found to be such by the county court of Seminole county exercising jurisdiction under said Act of Congress of June 15 (14), 1918."

It is the contention of the plaintiff that the judgment of the county court of Seminole county, which was entered on the petition of Jacob Thlocco on September 30, 1925, is conclusive evidence that the applicants, defendants in error here, were and are not heirs of the deceased allottee, and, therefore, were not parties to the suit in the district court, and therefore have no right, being strangers to the action, to have the judgment opened and let in to defend, and that even if the district court judgment be opened, the judgment of the county court is a conclusive defense on the merits, and that the question now sought to be determined in the district court is moot, and that the application should have been denied.

In support of the argument and contentions so made by plaintiff, he quotes liberally from the opinion of this court in the

case of State ex rel. Miller v. Huser, 76 Okla. 130, 184 Pac. 113, and asserts that case is sufficient to settle the question, and that it has been consistently followed and approved by this court in the following cases: In re Jackson's Estate, 117 Okla. 151, 245 Pac. 874; Homer v. Lester, 95 Okla. 284, 219 Pac. 392; Owens v. Kitchens, 105 Okla. 88, 232 Pac. 797; Mainard v. Thompson, 94 Okla. 57, 220 Pac. 880; Arnold v. Willis, 105 Okla. 172, 232 Pac. 15; In re Heirship of Jefferson, 101 Okla. 89, 221 Pac. 247; In re Lewis Estate, 100 Okla. 283, 229 Pac. 483.

Plaintiff further states in his brief:

"This suit was commenced and prosecuted according to the provisions of article 6 of the chapter 3 of the Compiled Laws of Oklahoma, 1921, particularly sections 250, 253, and 257, and likewise in accordance with the Act of the Legislature approved April 4, 1919, embodied in sections 1390 to 1394, inclusive, for the purpose of quieting title against any and all unknown persons who claimed or might thereafter claim an interest in the land by inheritance."

Section 1390 of the statutes, under which plaintiff says he commenced and prosecuted this suit, specifically authorizes the court to judicially determine who, by name, are or were the particular persons who take or were entitled to take real estate, the title to which is acquired by succession, and the proportion or part thereof which each takes. Section 1392 provides that the decree or judgment in such action shall be conclusive, subject, however, to be opened and the parties defendant let in to defend upon the same terms and with like effect as is provided in section 256, C. O. S. 1921.

It is said in the case of Miller v. Huser, supra, which is cited and relied upon by plaintiff, in the body of the opinion at the conclusion thereof, after discussing at considerable length the provisions and effect of the Act of Congress of June 14, 1918, and of the later 1919 act of the state Legislature authorizing the county court to determine heirs, that:

"We think, however, the district courts should give a reasonable opportunity to procure this evidence; but we do not think said courts are ousted as to jurisdiction of pending cases, or prohibited from exercising jurisdiction over cases hereafter instituted where the title of land is involved, and it is necessary to prove, as an incident thereto, who, in fact, are the restricted Indian heirs of the deceased allottee. To hold otherwise would result in chaos, and we would have the district courts deprived of jurisdiction of such actions and the county courts clothed therewith without power to execute their judgments or to afford adequate relief to all parties."

This court, in the case of Homer v. Lester, 95 Okla. 284, 219 Pac. 392, in the first, third and fourth paragraphs of the syllabus, stated:

"Where the deceased intestate or testator has been dead for a period of three years or more, and there is no lawful ground for administration proceedings in the county court, an alleged heir or record claimant desiring to have a determination of heirship and desiring to bring in third persons, who are not heirs, but who claim through alleged heirs, must proceed either under the Act of Legislature approved April 4, 1919, House Bill 445, in the district or superior court by a suit in ejectment or bill to quiet title, as circumstances mould the remedy.

"The heirship act of Congress approved June 14, 1918, does not authorize the petitioner or the county court in the heirship proceedings to bring in before the court any person other than a person claiming to be an heir of the deceased allottee.

"The judgment of the county court (or the district court on appeal) in the proceedings authorized by the Act of Congress of June 14, 1918, is not binding on or res adjudicata as to any person claiming an interest in or title to the allotment acquired by a conveyance or deed or contract executed prior to the Act of June 14, 1918"

—and in the body of the opinion:

"(6) That the county courts of this state are without jurisdiction to enter a decree which in legal effect is determinative of the title of claimants in possession of real estate under deeds valid on their face, where such title was acquired while such land was not subject to administration, but was in the possession of the grantors of such claimants asserting title. The Constitution of this state contains a plain limitation upon the jurisdiction of the county courts denying them jurisdiction to try or determine any proceeding wherein the title or boundaries of land may be in dispute or called in question. See Strawn et al. v. Brady, 84 Okla. 66, 202 Pac. 505; Jackson v. Porter et al., 87 Okla. 112, 209 Pac. 430."

In the later cases of Owens v. Kitchens, 105 Okla. 88, 232 Pac. 797, and In re Jackson's Estate, 117 Okla. 151, 245 Pac. 874, it was held that the Federal Heirship Act of June 14, 1918, and chapter 25, Session Laws of 1919, were applicable to determine heirship in proper cases where the grantee had purchased the land from a restricted allottee, or his heirs, after the passage of the Act of Congress of June 14, 1918; that it would be deemed such purchaser acquired the title subject to the pro-

visions of the act. In the case at bar, however, the plaintiff, Davis, according to his petition and finding of the district court as hereinbefore set out, acquired his deeds to the land long prior to the enactment of the federal statute.

In the 11th and 14th paragraphs of the syllabus of the case In re Jessie's Heirs (federal district court, Oklahoma) 259 Fed. 694, it is said:

"Where an interest in allotted lands of a full-blood Creek Indian has vested by conveyance approved by the county court of Oklahoma prior to June 14, 1918, no determination of heirship having been made prior to such approval, and no county court of the state now having jurisdiction under Const. Ok'a. art. 7, sec. 12, to determine such heirship as a power incident to its probate jurisdiction, the proper tribunal to make the determination is the district or superior court of Oklahoma in a proceeding to quiet title, or for partition or in ejectment with right of removal to the United States District Court in proper case.

"Action of a county court of Oklahoma in determining the heirs of a full-blood member of one of the Five Civilized Tribes of Indians is a nullity as to parties having vested interest by virtue of a conveyance approved by the county court prior to June 14, 1918, except in ordering or decreeing a partition or sale arising under its probate jurisdiction or incidental to the exercise of such jurisdiction."

The judgment of the Seminole county court decreed the same parties as named and found by the district court to be the sole heirs of the deceased allottee, but the relationship of the parties was different in that the parties named and found by the district court to be the mother, brothers, and nephews of the deceased allottee were found to be an aunt and cousins.

The plaintiff here brought this action to quiet title to real estate in the district court. which court possessed adequate power and jurisdiction to determine the issues involved, including the right to determine who succeeded to the title of the intestate deceased allottee in the land involved. No previous judicial determination of such heirs had been had, nor was there pending at the time of filing this action any suit or proceeding in which such heirs could have been determined. Even if it should be conceded that the county court of Seminole county had concurrent jurisdiction with the district court in the matter of determining the heirs, even then the district court would have the prior right to adjudicate the matter, it having first acquired jurisdiction.

In the case of Courtney v. Daniel, 124 Okla. 46, 253 Pac. 990, this court, in discussing certain conflict of authority or jurisdiction between the county and district court, said:

"Where the district court, under the foregoing rules, acquires jurisdiction of the parties and subject-matter pending in such county court, its jurisdiction is exclusive of the jurisdiction of the county court to render any subsequent orders involving the same subject-matter and issues, since the court which first acquires jurisdiction retains the same, and may not be interfered with by such other court of co-ordinate jurisdiction"

—and in that opinion quotes with approval the following from 15 Corpus Juris, 1134:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of co-ordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results."

We do not question the jurisdiction and power of the county court to act under the provision of the act of Congress or of the 1919 act of the Legislature, or that its decree would not be conclusive in a proper case, as was so held in the case of Hogan v. Superior Court of Okmulgee County et al., 122 Okla. 295, 254 Pac. 966, wherein the court sets forth the various statutory provisions for the determination of heirship or distribution of property. However, we do not think it was contemplated by Congress or within the power of the Legislature to authorize or extend to county courts the authority to determine the heirs of a deceased allottee in a case where the facts are such as is shown here, or to apply such authority, if possessed, so as to take from the district court its rightful jurisdiction and determination of a matter and issue properly before it.

We are of the opinion that the district court, under the facts shown in this case, had and retained at all times complete jurisdiction of the cause and the issues there involved to the same extent as it had on the date of the rendition of the judgment sought to be opened, with the power under a proper showing to open such judg-

ment, and that the decree of the county court did not take away such authority or control the decision of the district court.

Therefore, the action and ruling of the district court is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 15 R. C. L. p. 696 et seq.; 8 R. C. L. Supp. p. 486 See "Courts," 15 C J. §581, p. 1133, n. 39. "Judgments," 34 C. J. §1286, p. 876, n. 85.